STEPHENS LUMBER CO. *v*. TOWNSEND-STARK CORPORATION.

1. MECHANICS' LIENS—CONTRACTOR — MATERIALMAN — LUMP SUM PRICE.

Under 3 Comp. Laws 1915, § 14824, a lumber company furnishing a certain amount of building material for the construction of certain buildings would not become a contractor rather than a materialman because a lump sum price was agreed upon.

2. SAME—EVIDENCE—MATERIALMAN—TEAMSTERS' TICKETS ADMISSIBLE IF ACCURATE.

In a suit to enforce four mechanics' liens on as many different parcels of property, delivery tickets issued to materialman's teamsters, so far as shown to be accurate, are competent evidence of the amount, the time, and the place of delivery of material.

3. SAME—ESTIMATES OF CARPENTERS ADMISSIBLE TO SHOW AMOUNT OF LUMBER IN BUILDING.

Where plaintiff established conclusively the total amount of lumber furnished for four buildings, testimony by the carpenters who constructed them as to the amount of lumber which went into each was competent where it appeared that in estimating same they used certain standard rules established for the guidance of estimators and recognized to be accurate within five per cent.

4. SAME—DEFINITE DATES NOT NECESSARY IF LIEN FILED WITHIN 60 DAYS.

A mechanic's lien will not be defeated because the time

when the first and the last materials were furnished was not correctly stated in the claim of lien, when the claim was in fact filed within 60 days from the furnishing of the last material.

5. SAME—CLAIM FOR LABOR AND MATERIAL CONSTITUTES CLAIMANT A CONTRACTOR.

Where the testimony shows that a claim of lien included labor and material in putting up tin work, the trial judge properly held that claimant was a contractor rather than a materialman.

6. SAME—CONTRACTOR REQUIRED TO FURNISH STATEMENT.

A contractor who fails to furnish the owners the statement required by the statute is not entitled to a lien.

7. SAME — SUMMARY PROCEEDINGS DID NOT CHANGE STATUS OF PARTIES.

Where, pending suit to enforce mechanics' liens, one defendant, in pursuance of an agreement of the parties to adjust their respective claims, began summary proceedings for possession of the premises under his land contract with another defendant, his judgment by default did not change the status of the parties in the mechanics' liens suit.

8. SAME—MORTGAGE LIEN INFERIOR WHERE MORTGAGE GIVEN AFTER CONSTRUCTION BEGUN.

Mechanics' liens are superior to liens of mortgagees where the mortgages were given after construction of the buildings was begun.

9. SAME—MORTGAGES—VENDOR AND PURCHASER—SUBROGATION.

Where the vendor of land joined with the vendee in mortgages, so that the vendee could construct buildings thereon, the vendor has no interest unless there is a surplus from the sale of the property after the mechanics' liens and the mortgage liens have been paid, and therefore he is in no position to compel a subrogation of the lienors to the rights of the vendee in his land contract.

ON REHEARING.

SAME—LIEN ATTACHES TO BUILDINGS ONLY WHERE PARTY CONTRACTING HAS NO TITLE TO LAND.

Under 3 Comp. Laws 1915, § 14798, where the party to whom plaintiff furnished materials had no legal title to the land upon which the buildings were erected, plaintiff's lien attached to the buildings only.

Appeals from Macomb; Sample (George W.), J. presiding. Submitted April 15, 1924. (Docket No. 67.) Decided July 24, 1924. Rehearing granted October 16, 1924. Modified December 10, 1924.

Bill by the Stephens Lumber Company against the Townsend-Stark Corporation and others to foreclose a mechanic's lien. Certain defendants filed cross bills to foreclose mechanics' liens. From the decree rendered, plaintiff and certain defendants appeal. Reversed, and decree entered in accordance with opinion.

*Lungerhausen, Weeks & Lungerhausen,* for appellants.

*Bert V. Nunnelley, William T. Kelly,* and *Robert F. Eldredge,* for appellees.

MCDONALD, J. In this action the bill was filed to enforce four separate mechanics' liens on as many different parcels of property. On the hearing, by agreement, the suit was treated as including four cases, to be heard as one, the court to determine separately the several liens on the various parcels. The Townsend-Stark Corporation purchased the premises in question on land contract from A. Franklin Sarns for $4,800, no part of which was paid down. In April, 1920, it began the construction of four buildings. During the course of construction the Townsend-Stark Corporation and A. Franklin Sarns joined in four mortgages covering the four parcels, to the Ullrich Savings Bank, the mortgages aggregating $16,500. The plaintiff claims to have furnished lumber used in the buildings to the value of $6,851.07. The other lien claimants filed cross-bills claiming to have furnished hardware, plumbing, carpenter work, and other labor and material. The circuit judge rendered a decree favorable to the claims of all of the parties except the Stephens Lumber Company, the Kruse Sons Company, the Electric Service Company, Walter

Kindschy and Edward J. Burk. As to these he held that they had no valid existing liens.

In regard to Stephens Lumber Company it is contended, first, that it is not entitled to a lien because it was not a materialman but a contractor, and did not file the affidavit which the statute requires of contractors.

"The word 'materialman' as used in this act shall be construed to include all persons by whom any materials are furnished in or for building, altering, improving," etc. 3 Comp. Laws 1915, § 14824.

Counsel for the defendants say that the plaintiff is a contractor because it agreed to furnish a certain quantity of lumber for a lump sum. It is true that Mr. Williams, manager of the plaintiff company, on cross-examination, was led to characterize the agreement as one for the sale of a certain amount of material for a lump sum, but his conclusion is hardly borne out by the provisions of the agreement as previously related by him. What actually happened was that Mr. Townsend went to the plaintiff with a list of the lumber necessary for the construction of the houses and the plaintiff agreed to furnish the material at the market price as of the day when the agreement was made. But if a lump sum had been agreed upon the plaintiff would not necessarily have become a contractor.

In *People, for use of Hirth,* v. *Powers,* 108 Mich. 339, the defendants were trying to make a contractor out of a materialman because he had agreed to furnish material at a given price for the construction of a building. This court said:

"The price was agreed upon in advance, and the plaintiff was to furnish all brick needed for the building; so that, if the defendants are right in their contention, it would seem that an agreement to furnish materials for a given sum would make the vendor a subcontractor, while, if he agreed to furnish them for an agreed price per thousand, if they were brick, by load, if sand, or by barrel, if some other commodity,

he would be a materialman.    We are unable to reach this conclusion."

In regard to the list furnished by Mr. Townsend, Mr. Williams testified:

"The list did not contain things that had to be made by specification, but just all stock stuff, standard stuff that we carried, door frames, window frames, nothing that was not stock, to my knowledge."

The plaintiff was to do no work upon the premises. It was a materialman selling a marketable commodity which it kept on sale or manufactured to order for the use of others in the construction of buildings.    It did not undertake to manufacture the material according to the builders' specifications, but carried in stock the lumber which it agreed to furnish.    The evidence shows that the Stephens Lumber Company was a materialman.

The plaintiff has established beyond question that it furnished lumber amounting to $6,851.07, all of which went into the construction of the four buildings on the premises in question.    Its trouble has been to show by competent proof the amount it furnished for each building.    For convenience the buildings are designated as the northeast bungalow, the northwest bungalow, the northeast two family and the northwest two family.

The plaintiff first sought to show the material furnished for each building by receipted delivery tickets issued to its teamsters.    So far as they are shown to be accurate, these tickets are competent evidence of the amount, the time and the place of delivery. *Kuennan* v. *Guaranty Co.*, 159 Mich. 122.    In many instances, however, they appear to have been inaccurate, and, if there had been no other competent evidence in support of the plaintiff's claims, the circuit judge would have been justified in his finding that:

"As to the Stephens Lumber Company claims, the evidence is so confused and confusing, that it makes

accurate computation absolutely indefinite and uncertain."

But there is other evidence which we think under the circumstances was competent, and which the court should have considered. We refer to the estimates of the two carpenters who constructed the buildings. These men inspected the buildings, took measurements and testified in detail to the amount of lumber from the Stephens Lumber Company which went into the construction of each. They say that in making the estimate they followed certain standard rules established for the guidance of estimators by which they could accurately determine within five per cent. the amount of lumber in any of the buildings. The defendants strenuously insist that such testimony is not competent in a mechanic's lien case. There is some merit to the objection that it does not show the dates of delivery or the prices, but where these matters are established by independent evidence, we know of no reason why the estimates made under such circumstances should not be considered. Mr. Kindschy constructed three of the buildings; he knew where the various kinds of lumber were used, and following the rules recognized by his trade, he could with reasonable accuracy determine the amount. Where the evidence shows that the plaintiff is entitled to a lien, we have deducted five per cent. from the estimate to cover any inaccuracy due to waste.

The Northeast Bungalow. Mr. Kindschy estimates the amount of plaintiff's lumber used in the construction of this building at $1,112.46. The notice of lien states that the first material was furnished on April 17, 1920, and the last on August 26, 1920. The delivery tickets shown to be accurate establish the fact that deliveries were made on these dates. It also appeared by competent evidence that these two deliveries were used in the building. Deducting a credit of $500 on this account and five per cent. from the estimate, the plaintiff is entitled to a lien on the northeast bungalow for $581.84.

The Northwest Bungalow.    Claim is made that there can be no lien against the northwest bungalow because the notice was filed more than 60 days after the last material was furnished.    The notice of lien states that the first of the material was furnished on the 17th day of April, 1920, and the last on August 9, 1920. Lien was filed October 11, 1920.    It appears from the testimony that items of material were furnished on August 31st, September 2d and September 11th, all of which were within the 60 days.

"A mechanic's lien will not be defeated because the time when the first and the last materials were furnished was not correctly stated in the claim of lien, where the claim was in fact filed within 60 days from the furnishing of the last material."    *Union Trust Co.* v. *Casserly,* 127 Mich. 183.

Mr. Kindschy's estimate of the amount of plaintiff's lumber in this building is $1,285.18.    The dates and delivery of the first and last of the material are shown by independent evidence.    Deducting five per cent. from the estimate, the lien should be allowed at $1,220.92.

The Northeast Two Family.    The carpenter's estimate is $2,073.18.    The evidence shows that the first and last of the materials were delivered as stated in the claim of lien.    On this property the plaintiff is entitled to a lien of $1,969.52.

The plaintiff concedes that its evidence is insufficient to establish a lien on the northwest two family building.

Liens of Kruse Sons Company.    This company filed four liens.    Various objections are made to each of these liens, one of which is, that the claimants were contractors and did not furnish to the owners the statement required by the statute.

Mr. William Kruse testified:

"In putting on my liens, I put them on and included the labor and material and the entire matter; I didn't undertake to separate them.    About putting up tin

work there, they just gave us the order to go ahead and do the work. They said they wanted all the troughing and work done and the cementing and flashing of the chimneys and the conductors and sewer crock; in other words, complete the job. In pursuance of that agreement to furnish both labor and material is where I got this particular account that I have against it as to these houses. Our men went up and made the material fit the particular buildings; that is true in the case of each of the four houses. We have had that same sort of a bargain and understanding; on each of them we furnished labor and material."

In view of this testimony we think the circuit judge was right in holding that Kruse Sons Company was a contractor within the meaning of the statute. *Sterner* v. *Haas,* 108 Mich. 488; *Kerr-Murray Manfg. Co.* v. *Power Co.,* 124 Mich. 111.

Liens of Walter Kindschy. Mr. Kindschy was a contractor. He did not serve the statement required by the statute, but claims that he did not do so because Townsend or Stark could not be found within the county and had no agent upon whom service could be made. The circuit judge found that he had not established his claim and, in view of the indefinite character of the testimony, we are not inclined to disturb his conclusion.

Liens of Vern Akey. Mr. Akey put on the outside stucco. He furnished the material and labor. He was a contractor. If one combines labor on the premises in connection with the furnishing of material, he is a contractor and not a materialman. *Sterner* v. *Haas, supra.* As the statement required by the statute was not served, Mr. Akey has no valid lien.

We think the circuit judge reached a correct conclusion as to all of the liens except those of Stephens Lumber Company and of Mr. Akey.

While this case was pending the defendant Sarns began summary proceedings before the circuit court commissioner for possession of the premises under his land contract with Townsend and Stark. He

recovered a judgment by default. The circuit judge found that these proceedings were in pursuance of an agreement of the parties to adjust their respective claims and therefore were without effect upon the issues here involved. With a view to an adjustment, Mr. Sarns had given the plaintiff an option on his interest in the premises. He testified:

"The intention of this proceeding was so that I could get possession of the property; in other words, I was working on the good faith of the option thinking that we would clear up the whole matter."

We agree with the circuit judge that the judgment obtained in the summary proceedings did not change the status of the parties.

After the construction of the buildings was begun defendant Sarns joined with Townsend and Stark in four mortgages, aggregating $16,500, to the Ullrich Savings Bank. As these mortgages were given while the buildings were in the course of construction, the liens of the bank are subsequent to the mechanics' liens. In view of the fact that Mr. Sarns mortgaged the land to the Ullrich Savings Bank, it is clear that he has now no interest unless there is a surplus from the sale of the property after the mechanics' liens and the mortgage liens have been paid. For the same reason he is in no position to compel a subrogation of the lienors to the rights of the vendee in his land contract.

The decree entered provided for the sale of the premises by a circuit court commissioner; it directed that the expenses thereof and the valid liens should be paid and the surplus turned over to the court. After payment of the expenses the proceeds of the sale should be paid, *first,* to the lienors, *second,* to the mortgagee, and *third,* to Mr. Sarns.

A decree will be entered in accordance with this opinion. The plaintiff will have costs against the defendants Ullrich Savings Bank and Sarns.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.

## ON REHEARING.

PER CURIAM.  A rehearing was granted in this case because in our former opinion (228 Mich. 182) we did not discuss the question as to whether the plaintiff's liens attached to the land as well as to the buildings.  The materials furnished by the plaintiff were for the erection of new buildings upon land to which Townsend-Stark Corporation had no legal title. Under such circumstances the lien attaches to the buildings only (3 Comp. Laws 1915, § 14798; Wilkinson on Mechanics' Liens, §§ 28, 29, 38).

As our former opinion authorized a decree providing for the sale of the entire premises, it is to that extent modified.  In all other respects it is affirmed. A decree will be entered giving the plaintiff a lien on the buildings only and directing a sale of the buildings separate from the land.