J. G. DODSON v. FLORIDA NURSERY & LANDSCAPE CO.

190 So. 695
Division A.
Opinion Filed June 16, 1939

888

*Scofield & Scofield* and *M. C. Scofield,* for Appellant;
*Philip C. Gorman,* for Appellee.

BUFORD, J.—The appeal is from an order denying motion to dismiss bill of complaint in a suit to foreclose a contractor's alleged lien under the provisions of Chapter 17097, Acts of 1935.

The bill shows that the alleged lien grew out of the performance of a contract for improvements on real estate between the owner and the contractor lien claimant.

Sub-section 3 of Section 4 of the Act, *supra,* provides: "When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly 'employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished, and describing in a general way such labor, services or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath." This provision of the statute makes the giving to the owner the sworn statement therein required a prerequisite to the acquiring of the lien by the contractor.

The bill of complaint does not allege that this condition precedent to the existence of the lien had been met or performed.

The motion to dismiss reaches all infirmities formerly reached by demurrer.

Section 28 of the 1931 Florida Chancery Practice Act requires that the bill of complaint should contain: "A short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence."

Before a contractor may have and enforce a lien growing out of improvements made upon real estate under contract with the owner, he must comply with the provisions of Sub-section 3 of Section 4, *supra*, and, as this is an essential prerequisite to the existence of the lien, he must allege in his bill of complaint sufficient facts to show that that provision of the statute has been complied with.

The provisions of Section 28 of the Chancery Practice Act, *supra*, do not eliminate the necessity of the plaintiff to allege in his bill of complaint, and definitely, every fact necessary to entitle him to the relief sought. See Catts v. T. & J. R. R. Co., 75 Fla. 744, 79 Sou. 168; Wilmer v. Newsome, 110 Fla. 272, 149 Sou. 3; Hume v. Miller Bond & Mortgage Co., 96 Fla. 337, 118 Sou. 3; Treb Trading Co. v. Green, 102 Fla. 238, 135 Sou. 510, 136 Sou. 688; Hordan v. Equitable Life Assn. Society, 102 Fla. 782, 136 Sou. 517.

The appellee contends that because there were no outstanding liens, it was not necessary for the affidavit to be made, but the bill of complaint shows that the complainant furnished materials and supplied labor for installation and placing of materials for which he claimed $25,847.63. As a matter of law, the laborers, by performing the labor, acquired a lien and the statute Chapter 17097, *supra*, provides a method for enforcing such liens.

The bill of complaint failed to state a cause of action. Therefore, the order is reversed and the cause remanded.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.