PINELLAS LUMBER COMPANY, WEAVER-LOUGHRIDGE LUMBER COMPANY, INC., Owners, v. MAURICE B. LYNCH, *et ux.,* etc.

192 So. 475

Division A

Opinion Filed July 18, 1939

On Rehearing December 8, 1939

*Jefferson D. Stephens,* for Appellant;

*W. H. Wolfe,* for Appellee.

BUFORD, J.—The appeal brings for review order dismissing bill of complaint the purpose of which was to foreclose an alleged materialman's lien on certain property upon which the plaintiff alleged that it had furnished material for the construction of improvements.

The bill of complaint was filed on October 26, 1937.

Therefore, the foreclosure was attempted under the provisions of Chapter 17097, Acts of 1935.

It is contended that the bill of complaint was fatally defective because it did not show that notice of claim of lien had been filed in the office of the clerk of the circuit court within three months after the furnishing of the last materials.

In State *ex rel.* v. Chillingworth, *et al.,* 126 Fla. 645, 171 Sou. 649, we said:

"It is also contended by attorneys for the petitioner, Gore, that Chapter 17097, Acts of 1935, furnishes an exclusive method of perfecting a laborer or materialman's lien and

that the prior statutes have been superseded; that being true it is contended further that the petition filed by Mistretta for the enforcement of his alleged lien does not disclose that he perfected the same under the provisions of the Act of 1935, that is to say, that he did not observe the requirements of that Act in the matter of giving notice of his lien to the owner of the property against which the alleged lien is sought to be enforced.

"The Act of 1935 is a revision of the entire subject of mechanics' and laborers' liens and as we read the petition of Mistretta his lien was both acquired and perfected under the provisions of that Act which in Section 4 expressly excepts the giving of a notice to the owner by persons in privity with him."

So it was not necessary for the bill in this case to allege that such notice had been so filed.

However, Sub-section 3 of Section 4 of the Act, *supra,* provides:

"When final payment becomes due the contractor from the owner, the contractor shall give the owner a statement under oath, stating, if that be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished, and describing in a general way such labor, services or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath."

The bill of complaint fails to allege sufficient facts to show compliance with this provision of the statute and,

therefore, it fails to allege sufficient facts to show that the plaintiff is entitled to the foreclosure of the lien. See J. G. Dodson v. Florida Nursery & Landscape Company, a Florida Corporation, opinion filed June 16, 1939, 138 Fla. 887, 190 So. 695.

While the question upon which we affirm the order of the circuit court was not presented in the court below, it is apparent from the facts of the record that the bill of complaint is fatally defective and, therefore, the order should be affirmed but without prejudice to the complainant to amend if it can supply allegations showing compliance with Sub-section 3 of Section 4, *supra*. It is so ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J, concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

### ON REHEARING GRANTED

PER CURIAM.—This case is before us on rehearing granted pursuant to the filing of our opinion of July 18, 1939.

In that opinion we applied Sub-section 3 of Section 4 of Chapter 17097, Acts of 1935, through misapprehension of the facts. That provision of the statute is applicable only to "contractors" as defined by the Act. The appellant is not a contractor within the purview of the Act and, therefore, it was not required to comply with Sub-section 3, *supra*. See Hendry Lumber Co. v. Bryant, 138 Fla. 485, 189 Sou. 710.

It, therefore, follows that the order dismissing the bill of complaint must be reversed on authority of Hendry Lumber

Co. v. Bryant, *supra,* and State *ex rel.* Gore v. Chillingworth, *et al.,* 126 Fla. 645, 171 Sou. 649.

So ordered.

Reversed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.