N. B. T. RONEY, *et al.,* v. CITY OF MIAMI BEACH,
a Municipal Corporation

3 So. (2nd) 701
En Banc
Opinion Filed August 1, 1941
Rehearing Denied September 15, 1941

*E. L. Lockhart, Shutts, Bowen, Simmons, Prevatt & Julian, Henry D. Williams* and *Yonge & Anderson,* for Petitioners;

*Ben Shepard, J. Harvey Robillard* and *Bertram R. Coleman,* for Respondent.

PER CURIAM.—On January 15, 1914, the Alton Beach Realty Company by its President, Carl G. Fisher,

and Secretary W. J. Dobyns, filed in the office of the Clerk of the Circuit Court of Dade County, Florida, a plat of Fisher's First Subdivision of Alton Beach. The plat contained a legal description of the land subdivided and the signatures of the officers of the corporation, acknowledged before a notary and witnessed by two witnesses.

The plat contains the following:

"That said company does hereby dedicate to the perpetual use of the public the streets, avenues, drives and alleys as shown by said map, reserving unto the said company, its successors and assigns, the reversion or reversions thereof, or of any part thereof, whenever discontinued by law."

Indicated on the plat are the following:

"(a) A drive 30 feet wide extending along the eastern boundary of Blocks 1, 28, 29, 55, 56 and 77, hereinafter referred to as 'the drive,' and

"(b) A plot or strip of land extending entirely between the easterly line of said drive and the waters of the Atlantic Ocean, bounded on the North by the north line of Lot 6 of Block 1 extended to the high water line of the Atlantic Ocean and on the south by the south line of Lot 1 of Block 77 extended to the high water line of the Atlantic Ocean, which strip will be referred to as 'the beach.'

On November 15, 1940, the City of Miami Beach filed its bill of complaint in the Circuit Court of Dade County, Florida, and made parties defendant thereto a number of persons and corporations, including the petitioners, who owned or claimed an interest in lots therein described. The bill alleged that the dedicator by the plat dedicated to the public the streets, avenues, and alleys as shown thereon. That drive or street was

dedicated to the public as a public drive or street and the beach was dedicated as a walkway and promenade and as a means of ingress and egress to and from the Atlantic Ocean from the drive for the purpose of bathing in the Atlantic and for recreation and swimming. The bill alleged that the property as dedicated was accepted by the public more than twenty years prior to the filing of the bill of complaint and divers persons purchased the lots according to the plat which contained a dedication of the drive and beach to the public.

It was alleged that the several defendants obstructed the drive and the beach and thereby interfered with the public in their attempted use and ingress and egress to the Atlantic Ocean. These obstructions consisted of the construction of cabanas, walls, fences and other obstacles on the drive and beach, which interfered with the public bathing on the beach, swimming and recreation and that the several acts by the defendants were contrary to the use and purpose of the alleged dedication; and that the several defendants should be permanently restrained from claiming or attempting to claim exclusive rights to the use of the drive and beach.

The petitioners, N. B. T. Roney and Gertrude C. Roney, his wife, and Duff Hotel Company filed motions to dismiss the bill of complaint, because: (a) there was no equity in the bill; (b) it does not affirmatively appear there was a dedication and acceptance of the easements and the city had not acquired an easement on the described property by prescription; (c) the City of Miami Beach had been guilty of laches. There was a motion to strike on the part of the petitioners described portions of the bill of complaint, but

each of the motions was overruled and denied and a review of this order dated February 28, 1941, is sought by a petition for a writ of certiorari.

Section 28 of the Chancery Act states or sets forth the necessary requirements of the allegations of a bill of complaint. It is necessary under this provision of the Act, as formerly, to allege in a bill of complaint every fact clearly and definitely necessary to obtain the relief sought and if essential allegations are omitted as show that he is not entitled to relief in a court of equity, he must suffer the consequences. See Dodson v. Florida Nursery & Landscape Co., 138 Fla. 887, 190 So. 695; Barton v. Moline Properties, Inc., 121 Fla. 683, 164 So. 551.

The sufficiency of the allegations of a bill of complaint is tested on motion to dismiss. The motion to dismiss reaches all infirmities in the bill of complaint formerly reached by general demurrer. See Dodson v. Florida Nursery & Landscape Co., *supra*. Motion to dismiss a bill of complaint for want of equity is the equivalent of a general demurrer. Warren v. Tampa Mtge. Investors' Co., 112 Fla. 555, 150 So. 738. On the hearing of a motion to dismiss the facts well pleaded in the bill of complaint are admitted to be true. Armstrong v. Richards, 128 Fla. 561, 175 So. 340.

The question presented by the order overruling the motion to dismiss entered in the lower court is whether or not, when viewing the bill of complaint taken as a whole, with exhibits attached, and considering as truths the several allegations of fact there, the same contains equity. If the same contains equity, the petition for a writ of certiorari must be denied. We have read the several cases cited in petitioners' brief as to

the several acts relied upon to show a perpetual dedication of the *locus* and an acceptance thereof. While the cases cited are instructive and throw considerable light on many of the controverted points appearing in the bill of complaint, we are of the view that the previous decisions of our Court cannot be brushed aside. See Ocean Navigation Co. v. Town of Palm Beach, 114 Fla. 48, 152 So. 853; City of Miami v. Florida East Coast Ry. Co., 79 Fla. 593, 84 So. 726; Brickell v. Town of Ft. Lauderdale, 75 Fla. 622, 78 So. 681; Florida East Coast Ry. Co. v. Worley, 49 Fla. 297, 38 So. 618.

We hold that the allegations of the bill of complaint are sufficient to withstand the attack thereon by the motion to dismiss for want of equity. The petition for writ of certiorari is hereby denied.

WHITFIELD, TERRELL, CHAPMAN and THOMAS, J. J., concur.

BROWN, C. J., and BUFORD, J., dissent.

ADAMS, J., not participating.