**N. B. T. RONEY and GERTRUDE C. RONEY, his wife, and DUFF HOTEL COMPANY, a Florida corporation, v. CITY OF MIAMI BEACH, a municipal corporation.**

10 So. (2nd) 325                                          Division B

October 2, 1942

Thomas H. Anderson, for petitioner.

Ben Shepard, City attorney, J. Harvey Robillard and Bertram R. Coleman, for respondents.

PER CURIAM:

The sufficiency of the allegations of the bill of complaint so as to state an equitable cause of action as against a motion to dismiss for the want of equity was sustained by this Court in the case at bar on petition for an interlocutory writ of certiorari. See Roney v. City of Miami Beach, 148 Fla. 52, 3 So. (2nd) 701. It comes here for the second time on petition for certiorari and two orders are challenged viz: (1) an order dated March 12, 1942, denying, without prejudice, a motion of the defendant for a final decree on plaintiff's reply to the counterclaim of the defendants; (2) an order dated March 21, 1942, denying the petition of Roney and wife and Duff Hotel Company for a separate trial as applicable to their said property.

As to the first order, Section 31 of Chapter 14658, Acts of 1931, Laws of Florida, commonly known as the Chancery Act, authorizes but does not compel the entry of such orders. The lower court when denying the defendants' motion, recited that the entry of such final decree "might seriously affect the equities of the parties upon the bill and answer and are so germane that in order to insure a better administration of justice no decree on the counterclaim and reply ought to be entered."

The grounds of the motion for a separate trial from the other 47 or more defendants have been duly considered.

We have studied the briefs and authorities cited and able oral argument has been presented at the bar of this Court. It appears that the chancellor in the exercise of his sound discretion entered the orders here challenged. Orders in chancery cases come to this Court on a presumption of correctness of the rulings of the lower court. The burden was on the petitioners to show or establish an abuse of discretion. When the record is considered as an entirety or in the manner as presented to the chancellor below at the time of the entry of the orders, it cannot be said that error is apparent on the record.

The petition for an interlocutory writ of certiorari is hereby denied. It is so ordered.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, JJ., concur.