47 So.2d 520 (1950)
HARDEE et al.
v.
RICHARDSON et al.
Supreme Court of Florida, en Banc.
July 11, 1950.
*521 Jas. D. Bruton, Jr., Plant City, for petitioners.
O.E. Williams, Bartow, for respondents.
SEBRING, Justice.
The petitioners, who are the plaintiffs in the court below, have instituted this certiorari proceeding to review an interlocutory order denying them leave to file an amendment to their bill of complaint.
The bill of complaint which was sought to be amended was filed on April 21, 1949, to foreclose a lien for work done and materials alleged to have been furnished by petitioners at the request of and on real property owned by Carl Richardson and Lola Richardson, his wife. The last items of labor and material were furnished on July 14, 1948. The petitioners filed their claim of lien on October 11, 1948, in the office of the Clerk of the Circuit Court of Polk County, Florida, the county in which the land was located.
The bill alleged that the plaintiffs were the direct contractors with the defendants and that in pursuance of the contract work was done and material furnished on and in the improvement of the real property owned by the defendants, in the sum of $955.02; that no payment had been made on this account by the Richardsons, and that there were no subcontractors. The bill alleged, also, that the plaintiffs "had in all respects complied with the Mechanics Lien Law of Florida and that prior to the expiration of ninety (90) days subsequent to the completion of said work and the furnishing of the said materials the plaintiffs filed the aforesaid claim of Lien and served a true *522 copy thereof upon Carl Richardson * * *."
The defendants did not move to dismiss the bill of complaint but filed an answer containing, among other things, a denial that the plaintiffs were entitled to a lien against the property, and a denial that the plaintiffs "have in all respects complied with the Mechanics Lien Law of Florida."
After the answer had been filed the plaintiffs sought leave to amend their bill of complaint by alleging: "That the plaintiffs have served on the defendants * * * a sworn statement on behalf of the plaintiffs that the plaintiffs have paid all laborers performing labor on said land and have paid for all materials used on said land and that no laborer or materialman has any lien and has filed no notice of any lien and the time for filing such lien, or notice of such lien by any materialman or laborer dealing with the plaintiffs has long passed and no laborer or materialman can now assert any claim against said land by reason of labor done or materials furnished at the request of the plaintiffs."
The court below refused to allow the amendment, and it is the order made thereon that has been brought here for review.
It will be noticed that although the proffered amendment alleged that a sworn statement had been given the defendants, as prescribed by the Uniform Mechanics' Lien Law of Florida, section 84.04(3), Florida Statutes 1941, F.S.A., showing that all laborers and materialmen performing labor or furnishing materials under the general contract had been paid in full, the amendment failed to set out the date upon which the alleged statement was served. It being elementary that a pleading will be most strongly construed against the pleader, it must therefore be assumed for the purpose of testing the proffered amendment that the sworn statement was served upon the defendants subsequent to the institution of suit and after the defendants had answered. The question for decision, in the light of this construction, is whether the trial court abused its judicial discretion in refusing to allow the plaintiffs to amend in the manner requested. The answer to the question must depend upon the effect to be given such a sworn statement where it appears that the statement was served upon the owner subsequent to the institution of suit and after the owner had filed his answer.
Section 84.04, Florida Statutes 1941, F.S.A., entitled "Notice to owner by lienors and by statement under oath given by contractor" provides in subsection (3) thereof: "When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services, or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath."
In construing this statute this court has held that where a bill of complaint filed by a contractor against the owner to enforce a lien for improvements upon the owner's property fails to allege that the contractor has given the owner the sworn statement required by the statute as to full payment of all lienors contracting with or employed by the contractor, or the names of lienors and the amounts not paid, if such be the case, the bill of complaint will be subject to a motion to dismiss on the ground that it is without equity. Compare Hendry Lumber Co. v. Bryant, 138 Fla. 485, 189 So. 710; Dodson v. Florida Nursery & Landscape Co., 138 Fla. 887, 190 So. 695; Buker v. Webster, 140 Fla. 471, 191 So. 835; Pinellas Lumber Co. v. Lynch, 140 Fla. 559, 192 So. 475; Roughan v. Rogers, 145 Fla. 421, 199 So. 572; Fred Howland, Inc., v. Gore, 152 Fla. 781, 13 So.2d 303; Shad v. Arnow, 155 Fla. 164, 19 So.2d 612. It is plain, therefore, that had the defendants in the case at bar moved to dismiss the original *523 bill on the ground that it was without equity, instead of electing to forego that procedure and to go to trial on an answer traversing the allegations of the bill that the plaintiffs "had in all respects complied with the Mechanics Lien Law of Florida", the motion to dismiss might have been sustainable on authority of the previously cited cases. But by failing to test the sufficiency of the bill by motion to dismiss the defendants recognized that there was at least some equity in the bill, as general as its allegations were, and by answering the bill as they did by mere denials, the defendants joined issue on these general allegations and thus placed themselves in the position that if the plaintiffs proved that they had in fact complied "in all respects" with the lien laws of Florida, including the provision of the law requiring the service upon the defendants of a sworn statement as to full payment of all lienors, the plaintiffs would be entitled to a decree enforcing their lien for the value of the improvements accruing as the result of the plaintiffs' performance of the general contract.
Manifestly, one of the vital issues which will be involved in the trial under the bill and answer as presently framed will be the identical issue involved in this certiorari proceeding raising the question of the right of the plaintiffs to amend their bill; namely, the effect to be given a sworn statement served upon the owner by a contractor in privity with the owner more than 90 days after the final performance of the labor or services or furnishing of materials and after the owner has filed his answer in a suit brought by the contractor to foreclose his lien. Because of the importance of this issue we deem it necessary, in the interest of justice, to consider and decide the question in this certiorari proceeding.
As has been heretofore quoted, Section 84.04(3), Florida Statutes 1941, F.S.A. provides in its last sentence that a contractor "shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath." Viewed in isolation, this sentence might seem to suggest that the giving of the sworn statement by a contractor in privity with the owner is an indispensable condition precedent to the acquisition of a lien against the property of the owner for work done or material furnished by the contractor under his contract, as well as a condition precedent to the right of the contractor to enforce the lien against the property once the lien has been perfected. But when the section is considered in connection with other pertinent provisions of the chapter pertaining to mechanics' liens, it can be readily seen that such cannot be the case. For section 84.02, Florida Statutes 1941, F.S.A. provides: "A contractor * * * shall, subject to his compliance with the provisions of this chapter and to the limitations of this section and to the provisions of §§ 84.04 and 84.05 and subject to the priorities established by §§ 84.06 and 84.20, have a lien on the real property improved for any money that shall be owing to him for labor or services performed or materials furnished in accordance with * * * the direct contract * * *." Section 84.03 (1) of the law prescribes, as to attaching date and extent of liens, that "All liens provided by this chapter shall relate to and take effect from the time of the visible commencement of operations." Section 84.04 (2) (a) provides: "Excepting a person contracting directly with the owner and excepting a laborer by whomever employed, any lienor may, at any time after the period mentioned in subsection one of this section [before beginning, or within thirty days after beginning but not later than the day of completing his labor or services or his furnishing of materials] but before the expiration of the period allowed by § 84.16 for filing his claim of lien, give the owner such a notice." Section 84.16 provides:
"The claim of lien may be filed at any time during the progress of the work or thereafter but not later than three months after the final performance of the labor or services or the final furnishing of the materials by the lienor, dating from the last item of labor or service performed or of materials furnished by him." Section 84.19 *524 (1) provides: "After the claim of lien * * * is filed for record a copy of such claim of lien * * * shall be served upon the owner in the manner provided in § 84.18." Section 84.21 contains the provision "No lien provided by this chapter shall continue for a longer period than one year after the claim of lien has been filed unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction and a notice of the pendency of such action is filed with the clerk of the circuit court of the county in which the claim of lien is filed * * *. The failure to file a notice of pendency of actions shall not abate the action as to any person liable for the payment of the debt specified in the claim of lien and the action may be prosecuted to judgment against such person. * * *" Section 84.31 provides: "The liens provided by this chapter may be enforced against the real property specified in the claim of lien and which is subject thereto and against any person liable for the debt upon which the lien is founded." And section 84.33 prescribes "In all matters of procedure this chapter is to be construed liberally to secure the beneficial intents and purposes thereof."
When the pertinent provisions of the Uniform Mechanics' lien law are thus viewed together the language used makes it clear that the legislature intended that the general contractor should have his lien by performing the work and furnishing the materials in accordance with his contract. It intended that if the general contractor desired to protect the priority of his lien as against "a conveyance, mortgage, building loan contract, attachment, judgment, or other encumbrance or demand against such real property which was not recorded, docketed or filed at the time of the visible commencement of operation", he might do so by filing his claim of lien with the clerk of the circuit court of the county wherein the property is located within "three months after the final performance of the labor or services or the final furnishing of the materials by the lienor, dating from the last item of labor or service performed or of materials furnished by him." See Sections 84.20, 84.16, Florida Statutes 1941, F.S.A.
It intended, further, that the sworn statement to be given pursuant to section 84.04(3) should not be necessary to the acquisition of the lien but should operate to protect the owner against the possibility of paying more than once for the same item of labor or materials; the effect of the section being to afford to the owner the right, without being deemed in default, to withhold payments due on the general contract until proof has been given that subcontractors, materialmen and laborers have in fact been paid, or that specified amounts are due and owing such preferential lienors which the owner may lawfully pay out of the money due the general contractor. See Sec. 84.06, Florida Statutes 1941, F.S.A.
As appears from the proffered amendment to the bill of complaint, a sworn statement has now been served upon the owners by the general contractors showing that no liens or claims are outstanding against the amount due under the general contract. While the fact that the service of the statement was not made upon the owners until after the institution of the suit might have been good ground for moving to dismiss the suit as premature until section 84.04(3) had been complied with, such ground is not now available in view of the answer filed by the defendants. The proffered amendment contained material matter going to the right of the plaintiffs to maintain their suit and to become entitled to a decree, if they proved their amended bill, decreeing a lien upon the property of the owners for any amounts due under the general contract.
Under the circumstances of the case the plaintiffs should have been permitted to file their amendment, for it is provided under the Florida Chancery Act of 1931 that a party to a suit, after leave obtained, may file an amended pleading "alleging material facts occurring after his former pleading" and that "Facts occurring after the institution of the suit, if introduced by amendment, may be used in support of the equity of the bill." See Secs. 63.27, 63.30, Florida Statutes 1941, F.S.A.
It follows from the conclusions reached that the Writ of Certiorari should be granted *525 and that the order of the trial court denying plaintiffs' motion for leave to file an amendment to their bill should be quashed with directions that an order be entered permitting the amendment.
It is so ordered.
TERRELL, THOMAS, HOBSON and ROBERTS, JJ., concur.
CHAPMAN, J., agrees to the conclusion.
ADAMS, C.J., dissents.