BENT v. CARNEY.

1. MECHANICS' LIENS—CONTRACTORS—SWORN STATEMENT AS TO LA-
BORERS AND MATERIAL SUPPLIERS.

One who combines labor on the premises in connection with
the furnishing of material is a contractor, not a materialman,
and is not entitled to a mechanics' lien, where he has not
made out and given the owners a statement under oath of
the number and names of every subcontractor or laborer in
his employ and of every person furnishing materials and the
amount due or to become due for work done or material
furnished as required by statute (CL 1948, § 570.4).

2. SAME—STORM WINDOW AND DOOR MANUFACTURER—SWORN STATE-
MENT—STATUTES.

Storm window and door manufacturer who installed his products
upon defendants' property and filed a mechanics' lien therefor
without having given defendants a sworn statement as to la-
borers and materialmen, as required by statute, was not en-
titled to such lien (CL 1948, § 570.4).

Appeal from St. Joseph; Jacobs (Theo T.), J.
Submitted April 7, 1954. (Docket No. 24, Calendar
No. 46,018.) Decided June 7, 1954.

Bill by Leo V. Bent, doing business as the B & K
Home Improvement Company, against James R.
Carney and Maxine D. Carney, and Three Rivers
Savings & Loan Association, a corporation, to fore-
close mechanics' lien. Dismissed on motion. Plain-
tiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 36 Am Jur, Mechanics' Liens §§ 50–52, 124.
[2] 36 Am Jur, Mechanics' Liens §§ 124, 125.

*Jones & Theiss,* for plaintiff.

*Roy H. Hagerman,* for defendants.

Kelly, J.  Plaintiff herein owns and operates a factory in Marcellus, Michigan, and is engaged in manufacturing and processing aluminum storm windows and storm doors, which are made to order from measurements taken.  The doors and windows are completed in the factory and are then delivered to the purchaser's premises and installed.

Plaintiff, as seller, entered into a contract with defendants Carney, as purchasers, which contract provided that:

"Purchasers agree to permit seller to install said products when completed and agree to pay  *  *  * the sum of $544.15.  *  *  *

"The company will process said products and complete such installation with all reasonable dispatch."

Plaintiff filed a statement of lien, alleging "that he furnished certain labor and materials in and for altering, improving, erecting and ornamenting a certain dwelling.  *  *  *  The performance of such labor and the furnishing of such materials was begun on the 13th day of October, 1952 and the last of such labor was performed and such materials furnished on the 29th day of October, 1952."

The court below granted defendants' motion to dismiss because plaintiff failed to make out and give to the defendant owners a statement under oath of the number and names of every subcontractor or laborer in his employ and of every person furnishing materials, and the amount due or to become due for work done or material furnished, as required by CL 1948, § 570.4 (Stat Ann § 26.284).  Plaintiff appeals.

Appellant contends that CL 1948, § 570.4, does not apply in the instant case for the reason he is not a

contractor but a materialman who manufactures products in his own factory. Appellant relies on *Kerr-Murray Manufacturing Co.* v. *Kalamazoo Heat, Light & Power Co.,* 124 Mich 111, wherein this Court held that the requirement of the cited statute did not apply to a materialman.

The contract in the instant case is an installation contract. Appellant installed the windows and doors, and filed a lien stating "that he furnished certain labor and materials in and for altering, improving, erecting and ornamenting a certain dwelling."

In *Stephens Lumber Co.* v. *Townsend-Stark Corporation,* 228 Mich 182, we said (p 189):

"If one combines labor on the premises in connection with the furnishing of material, he is a contractor and not a materialman."

And, in the *Kerr-Murray Manufacturing Co. Case, supra,* we stated that "when, by the terms of the contract, labor is to be expended on the premises, it is clear that this statement is required."

Under the record in this case the trial court was correct in granting defendants' motion to dismiss. Affirmed. Costs to defendants.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, Reid, and Dethmers, JJ., concurred.