## ORANGE PLUMBING & HEATING CO. v. HARTLE, et ux.

Circuit Court, Lake County.
November 21, 1956.

Bentley, Zoller & Walker, Orlando, for plaintiff.

R. P. Hamlin, Tavares, for defendant.

T. G. FUTCH, Circuit Judge.

Plaintiff instituted this action to foreclose an alleged lien for labor and materials furnished and services rendered in and about improvements on and to certain land owned by defendants.

The complaint alleges that the plaintiff occupied the "status of a contractor" as defined in section 84.01, Florida Statutes 1955, alleging specifically that a contract was entered into between plaintiff and the defendants and that "pursuant to the said contract, plaintiff thereafter furnished and installed" the materials and plumbing as an improvement to the property.

The complaint does not allege any compliance with provisions of subsection 3 of section 84.04, Florida Statutes 1955-53, set forth below—

When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that

be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services, or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath.

Defendants filed and presented motion to dismiss "for failure to state a cause of action." They urge as a ground for their motion that "the complaint fails to show that the complainant had complied with the terms of subsection 3 of section 84.04, Florida Statutes 1953-55."

Plaintiff's attorney took the position that no such showing or allegation is necessary and announced to the court that he did not care to amend by adding such allegation.

Plaintiff stands flatfooted on the remarks of the Supreme Court of Florida in the recent case of Orange Plumbing & Heating Co. v. Wolfe, 89 So. 2d 671. I do not profess to understand this decision of the court although it was appealed from the order and judgment entered by me therein. To my mind it is in direct conflict with and completely ignores the same court's opinion and decision in Dodson v. Florida Nursery & Landscape Co., 138 Fla. 887, 190 So. 695, which was appealed from this circuit, the late Hon. J. C. B. Koonce, Circuit Judge. I cannot see how the Wolfe case, supra, can be controlling in this case even should the Supreme Court, on proper facts, adhere to its remarks in that case.

In Dodson v. Florida Nursery & Landscape Co., supra, the Supreme Court, speaking through Mr. Justice Buford, with the concurrence of Justices Terrell, Thomas and Chapman, made a clear and unequivocal application of subsection 3 of chapter 17097, Acts of 1935, which said chapter now appears as chapter 84, Florida Statutes 1955, the essential parts of which decision are as follows—

The appeal is from an order denying motion to dismiss bill of complaint in a suit to foreclose a contractor's *alleged lien* under the provisions of chapter 17097, Acts of 1935. (Emphasis supplied.)

The bill shows that the *alleged lien grew out of the performance of a contract for improvements on real estate between* the *owner* and the *contractor lienor claimant.* (Emphasis supplied.)

Subsection 3 of section 4 of the Act, supra, provides:

"When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that

be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services, or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath."

This provision of the statute makes the giving to the owner the sworn statement therein required a prerequisite to the acquiring of the lien by the contractor.

The bill of complaint does not allege that this condition precedent to the existence of the lien had been met or performed. * * *

Before a contractor may have and enforce a lien growing out of improvements made upon real estate under contract with the owner, he must comply with the provisions of subsection 3 of section 4, supra, and, as this is an essential prerequisite to the existence of the lien, he must allege in his bill of complaint sufficient facts to show that that provision of the statute has been complied with. * * *

The appellee contends that because there were no outstanding liens, it was not necessary for the affidavit to be made, but the bill of complaint shows that the complainant furnished materials and supplied labor for installation and placing of materials for which he claimed $25,847.63. As a matter of law, the laborers by performing the labor, acquired a lien and the statute chapter 17097, supra, provides a method for enforcing such liens.

The bill of complaint failed to state a cause of action. Therefore, the order is reversed and the cause remanded.

Again, in Buker, et ux v. Webster, 140 Fla. 471, 191 So. 835, Mr. Justice Buford, speaking for the Supreme Court with the concurrence of Justices Terrell, Thomas and Whitfield, in applying the provisions of this same statute, used the following language—"The bill of complaint fails to show that the complainant had complied with the terms of subsection 3 of section 4, supra," and further discussing the bill of complaint in the same cause stated—"The bill of complaint does not meet the rule requiring showing of compliance with the provisions of chapter 17097, supra. * * *"

The high court went on to say—"If the complainant occupied the status of a contractor under the provisions of the Act, supra, it would be necessary for him to show in his bill of complaint that he had complied with subsection 3 of section 4 of the Act." The opinion quotes the definition of the word "contractor" as contained in section 1 of chapter 17097, Laws of Florida, Acts of 1935, which is the same as section 84.01, Florida Statutes 1955.

In Pinellas Lumber Co. v. Lynch, et ux, 140 Fla. 559, 192 So. 475, the Supreme Court again speaking through Mr. Justice Buford with the concurrence of Justices Terrell, Whitfield, Brown, Chapman and Thomas (in its original opinion and opinion on rehearing) made the application of subsection 3 of section 84.04, Florida Statutes 1955, so plain that I can see no room for any misunderstanding (see Isaiah, chapter 36, verse 8).

That the plaintiff in this instance was a "contractor" within the meaning of our statute has been settled beyond dispute, in my opinion, by our Supreme Court in the Dodson case, supra, and the Supreme Court of Michigan in cases reported in 64 N. W. 2d 689-90; 199 N. W. 706-9; 201 N. W. 213; 82 N. W. 802.

The motion to dismiss is granted, and this cause is dismissed at plaintiff's cost without leave to amend.