SOUTHERN PAINT MFG. CO., INC., v. MYRTLE O. CRUMP

182 So. 291.
Opinion Filed June 15, 1938.
Rehearing Denied July 1, 1938.

*S. Sherman Weiss,* for Appellant;

*Carl H. Mosely,* for Appellee.

PER CURIAM.—The appeal is from an order dismissing bill of complaint which sought to enforce an alleged lien of a materialman against the property of an owner who had paid the contractor after completion of the work the full contract price of and for the work and materials done, performed and furnished.

The question presented by the appellant is:

"The defendant entered into a contract with one De La Vergne for the purpose of having improvements made on the property involved in this suit. For the purpose of making said improvements, the said De La Vergne obtained from the plaintiff various and sundry materials, the last furnishing of which was on the 6th day of November, 1936. The defendant did not know who supplied the materials used in said improvements, and had no knowledge that same were being supplied by the plaintiff. The final payment was made to the contractor on the 10th day of December, 1936, without a demand by the defendant that the said contractor present her with an affidavit or statement under oath in the manner provided for in sub-section 3 of Section 5396 (5), Compiled General Laws, nor was such affidavit furnished at any time by the said contractor. On January 25th, 1937, the plaintiff caused to be filed notice of lien, and a copy of same was served on the defendant by registered mail. Under the above statement of facts, was the money paid by the defendant to the con-

tractor, within three months of the last furnishing of supplies, properly paid upon her failure to demand and receive a statement under oath showing that all materials and labor had been paid for in full or showing those remaining unpaid?"

Or, as he says, stated otherwise, is: "Does payment to a general contractor made within three months of the last furnishing if supplied by a materialman constitute proper payment so as to discharge the lien of the materialman where no statement under oath was given by or demanded of the contractor prior to said payment?"

There is no allegation in the bill of complaint that the complainant had complied with the conditions' precedent to acquire a lien on the defendant's property. A materialman's lien is strictly statutory and before any person may have such lien the statutory provisions must be strictly complied with and before he can enforce such lien the claimant must allege and prove a strict compliance with every requirement of the statute. See Curtis-Bright Ranch Co. v. Selden Cypress Door Co., 91 Fla. 322, 107 So. 684.

It follows that there was no error in the order dismissing the bill of complaint. Same should be, and is, affirmed.

So ordered.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.