EDWARD BUKER, *et ux.,* v. PERCY W. WEBSTER.

191 So. 835
Division A
Opinion Filed November 10, 1939

*Archie Clements,* for Appellants;
*Hill & Hill,* for Appellee.

BUFORD, J.—The appeal brings for review order over-ruling motion to dismiss bill of complaint by which it was sought to foreclose a lien for labor and material.

It is impossible to determine from the bill of complaint whether the complainant performed the labor and furnished the materials in the capacity of a contractor, under the provisions of Chapter 17097, Acts of 1935, or as a laborer and materialman.

Section 1 of Chapter 17097, *supra,* defines "contractor," "laborer" and "materialman," as follows:

"Contractor" means a person other than a materialman or laborer who enters into a contract with the owner of real property for improving it, or who takes over from a contractor as above defined the entire remaining work under such contract.

"Laborer" means any person other than an architect, landscape architect, engineer, and the like, who under properly authorized contract, personally performs on the site of the improvement labor or services for improving real property and does not furnish materials or the labor or services of others.

"Materialman" means any person who, under contract, furnishes materials to the owner, contractor, or sub-contractor on the site of the improvement or for direct delivery to the site of the improvement or who specially fabricates materials for the improvement, and who performs no labor in the installation thereof."

If the complainant occupied the status of a contractor under the provisions of the Act, *supra,* it would be necessary for him to show in his bill of complaint that he had complied with Sub-section 3 of Section 4 of the Act which is as follows:

"3. When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath."

It will be observed that in the definitions above quoted a laborer is one who does not furnish materials or the labor or services of others and a materialman is one who furnishes material for improvements but who performs no labor on the installation thereof.

The notice of lien, which is attached to and made a part of the declaration, contains the following:

"PERCY W. WEBSTER, whose address is Tarpon Springs, Florida, and whose post office address is Box 243, Tarpon Springs, Florida, being first duly sworn says that in pursuance of a contract made with Edward Buker, he furnished the following materials: One electrical distribution panel, electric lamp bulbs, electric wiring fixtures, miscellaneous electric wiring supplies such as switches, receptacles, plates, intercommunicating telephones, wiring channels and miscellaneous hardware, of the value of $541.89; that he performed services and labor in connection with the installation of the above electric fixtures of the amount of $546.00; that he paid freight and express in the amount of $30.20; that he paid inspection fee to the City of Tarpon Springs in the

amount of $3.00 for inspection of said installed electric fixtures; that all of said materials were furnished, labor performed and freight and express and inspection fee paid pursuant to a contract with Edward Buker for improving the following described real property situate in Pinellas County, Florida, to-wit: * * *."

It then describes the property and claims a lien for the sum of $1,281.09.

The pleading construed most strongly against the pleader indicates that the complainant was a contractor and did not come within the terms of the definition of laborer or of materialman as defined in the statute.

The bill of complaint fails to show that the complainant had complied with the terms of Sub-section 3 of Section 4, *supra*.

In Southern Paint Mfg. Co. v. Crump, 132 Fla. 799, 182 Sou. 291, it was held:

"A materialman's lien is strictly statutory and before any person may have such lien the statutory provisions must be strictly complied with and before he can enforce such lien the claimant must allege and prove a strict compliance with every requirement of the statute. See Curtis-Bright Ranch Co. v. Selden Cypress Door Co., 91 Fla. 322, 107 Sou. 684."

The bill of complaint does not meet the rule requiring showing of compliance with the provisions of Chapter 17097, *supra*. Therefore, the order is reversed with directions that the complainant be allowed to amend his bill, if he be so advised, so as to show compliance with the statutory provisions prerequisite to the enforcement of the lien.

So ordered.

Reversed and remanded.

Terrell, C. J., and Thomas, J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.