RENUART LUMBER YARDS, INC., Appellant, v. SOL CARLTON FINN, sometimes known as S. C. FINN, *et ux.*, Appellees.

198 So. 828
Division B
Opinion Filed December 6, 1940
Rehearing Denied December 20, 1940

*Leland Hyzer,* for Appellant;

*Ray M. Watson,* for Appellees.

PER CURIAM.—From a final decree requiring Renuart Lumber Yards, Inc., plaintiff below, to pay to Sol Carlton Finn and Ada Alix Finn, defendants below, the sum of $448.00, made and entered by the Circuit Court of Dade County, Florida, an appeal has been perfected to this Court.

The plaintiff below filed suit to foreclose a materialman's lien in the sum of $135.00 claimed as the balance due for jalousies, a designated type of Venetian blinds, placed in the Finn dwelling and not a part of the contract but "extras." The Finns assert that the jalousies were included in the contracts, were not extra, and were paid for by him to the Renuart Lumber Yards, Inc. The Finns claimed in their pleadings that the Renuart Lumber Yards was due them additional sums paid by him to the extent of $228.00, and under the contract of construction were to be paid by the Renuart Lumber Yards, Inc.

Testimony was taken by the respective parties on the issues made and the lower court found the equities of the cause with the defendants below. We have carefully reviewed the testimony and exhibits appearing in the record. The affidavit of Sol Carlton Finn, itemizing extra costs in the total sum of $250.00, appears in the record and the same was considered by the lower court and the amounts stated therein are reflected in the final decree. We are unable to understand the theory or principle of law that justified the lower court in taking into consideration this *ex parte* affidavit. We think this was error.

The testimony and exhibits justify a decree for the defendants below in the sum of $198.00, but for no greater sum. The lower court erred in decreeing the payment of the $250.00 itemized and appearing in the Finn affidavit.

The decree appealed from is hereby reversed with directions to the lower court to enter a decree for the defendants in the sum of $198.00 and in no greater sum or amount.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.