68 So.2d 379 (1953)
MOORE et ux.
v.
CRUM.
Supreme Court of Florida. Division A.
November 17, 1953.
Rehearing Denied December 8, 1953.
*380 James W. Moore, Miami, for petitioners.
Haskins & Bryant and Frank E. Bryant, Sebring, for respondent.
MATHEWS, Justice.
This case involves the attempted enforcement of an alleged lien by general contractor against the owners.
The chronological order of the happenings of events in connection with the asserted lien and the attempt to enforce it must be considered in the disposition of the case.
Claim of lien was filed on April 3, 1952, as provided for by law, alleging that the last labor performed, or materials furnished was on March 25, 1952. On the 13th day of March, 1953, respondent filed a bill of complaint for the purpose of enforcing the alleged lien. On April 4, 1953, petitioners (defendants) filed a motion to dismiss the bill of complaint and on April 13, 1953, the Circuit Judge entered an order dismissing the bill of complaint because the plaintiff had failed to allege the giving of a statement under oath provided for by law. The order of dismissal provided "that in the event plaintiff can amend said bill of complaint to show service of said statement under oath, such amendment to be filed on or before April 20, 1953, he is hereby granted leave to so amend; * * *."
It should be noted here that the bill of complaint did not contain any statement or allegation that the statement provided for by statute was given within the time limited by statute or at any other time. After the plaintiff was granted leave to amend, he availed himself of such privilege and on April 18, 1953, filed an amended bill of complaint alleging generally that the statement under oath had been given to petitioners (defendants). It did not show whether it was given before or after the expiration of the time limited by statute. It specified no date when such statement was given.
On the 27th of April, 1953, the defendants in the Court below, and the petitioners here, filed a motion for better particulars, a motion to strike, and a motion to dismiss the amended bill of complaint. On June 18, 1953, the Chancellor entered an order denying all three motions. A petition for certiorari to review this order was filed in this Court.
The motion to dismiss the amended bill of complaint, among other grounds, contained the following:
"1. That said Amended Bill of Complaint fails to state a cause upon which relief can be granted.
"2. That said Bill of Complaint, as amended, attempts to aver the service of the sworn statement required to be served by plaintiff upon defendants before any lien can attach, subsequent to the institution of this cause and after *381 one year from the date of plaintiff's filing of his claim of lien, and as such is not sufficient to establish a lien as claimed by plaintiff."
There is a material difference between the claim for work done and materials furnished which may be prosecuted on the law side of the Court and the right to an equitable lien for such things and the enforcement of such liens. At the common law the contractor had no lien against the property for improvements but he did have a right to sue on the common law side of the Court for breach of the contract or for work performed and materials furnished. Shaw v. Del-Mar Cabinet Co., Fla., 63 So.2d 264 and many other cases decided by this Court unnecessary to cite.
In the case of Fred Howland, Inc. v. Gore, 152 Fla. 781, 13 So.2d 303, 307, the Chancellor dismissed the bill of complaint because it failed to show that the statement required by the statute was given to the owner. This Court, in an opinion by Mr. Justice Buford, upheld the decree of the Chancellor in dismissing the bill and said:
"* * * The statute, however, does not cancel the debt, if any, owed by the Owner to the Contractor, but merely precludes the contractor enforcing the obligation until the proof of payment of bills has been furnished, as provided by the statute." (Emphasis supplied.)
In the case of Hardee v. Richardson, Fla., 47 So.2d 520, 522, in an opinion by Mr. Justice Sebring, pertinent provisions of Chapter 84 F.S., F.S.A., were reviewed and construed. In that case the bill of complaint did not show or allege that the required statement was given but there was a general allegation that all provisions of the chapter in question had been complied with to entitle the plaintiff to his lien and to the enforcement thereof. The defendants did not file a motion to dismiss, which they had a right to do, but filed an answer in which the allegation of the bill of complaint, that all provisions of the lien law had been complied with, was denied by the defendants. It appears that the defendants waived the right to file a motion to dismiss because of the failure of the bill to allege specifically the giving of the required statement within the time limited by statute. Section 84.04(3), F.S., F.S.A., provides for the statement to be given by the contractor to the owner and then provides: "The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath." After the owner had filed an answer and joined issue upon the allegation that the owner had complied with Chapter 84, F.S., F.S.A., the owner tendered an amendment to the bill of complaint and alleged that the sworn statement had been given the defendants as required by Section 84.04(3), F.S., F.S.A. This Court said:
"* * * But by failing to test the sufficiency of the bill by motion to dismiss the defendants recognized that there was at least some equity in the bill, as general as its allegations were, and by answering the bill as they did by mere denials, the defendants joined issue on these general allegations and thus placed themselves in the position that if the plaintiffs proved that they had in fact complied `in all respects' with the lien laws of Florida, including the provision of the law requiring the service upon the defendants of a sworn statement as to full payment of all lienors, the plaintiffs would be entitled to a decree enforcing their lien for the value of the improvements accruing as the result of the plaintiffs' performance of the general contract.
* * * * * *
"As appears from the proffered amendment to the bill of complaint, a sworn statement has now been served upon the owners by the general contractors showing that no liens or claims are outstanding against the amount due under the general contract. While the fact that the service of the statement was not made upon the owners until after the institution of the suit might have been good ground for moving to *382 dismiss the suit as premature until section 84.04(3) had been complied with, such ground is not now available in view of the answer filed by the defendants. The proffered amendment contained material matter going to the right of the plaintiffs to maintain their suit and to become entitled to a decree, if they proved their amended bill, decreeing a lien upon the property of the owners for any amounts due under the general contract."
In the case at bar there is no merit to the contention of the petitioners that the giving of such statement after the institution of the suit should have been pleaded by supplemental bill. The Florida Chancery Act and Rules specifically provide that amendments with leave of Court may be filed pleading facts occurring after the formal pleading or after the institution of the suit, and may be used in support of the equity of the bill. The material question here is that sufficient allegations were not contained in the amended bill in support of the equity of the bill because of the failure of the amended bill to show specifically that the statement was given within the time provided by statute. If, as a matter of fact, the required statement was given after the institution of the suit but before the expiration of the time fixed by statute for the giving of such statement, such fact should have been set forth in the amended bill and then the owner would have had the right to enforce his lien in equity. If, on the other hand, the statement was given after the institution of the suit and after the expiration of the time fixed by statute for giving such statement, or after the lien had expired, then the owner did not comply with the law and had no lien or any right to enforce any lien.
The essential difference between this case and that of Hardee v. Richardson, supra, is that in the Hardee case an answer was filed and in this case no answer has ever been filed. If the statement under oath was given, prior to the expiration of the lien, the contractor should allege and prove that fact and he would then be entitled to a decree. If, on the other hand, the statement under oath was given after the lien had expired, then the general contractor has lost his lien and the mere giving of the statement under oath after the expiration of the lien cannot breathe new life into it. There was no duty resting upon the owner to demand such statement. The duty was upon the contractor to give such statement to the owner if he desired to have a right to go into equity to enforce his lien.
From the conclusions which we have reached, the writ of certiorari should be granted and the order of the trial Court denying the motion to dismiss the amended bill of complaint should be quashed, with directions that the Chancellor proceed further in accordance with this opinion and grant to the respondent the right to file an amendment to the bill of complaint, showing, if he can, the date of the giving of the required statement.
It is so ordered.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.