PAUL D. BARNS, Associate Judge.
L. M. Penzi Tile Co., Inc., commenced this suit in equity to foreclose a lien on a duplex against Temco Builders, Inc., and Velma S. Gray, grantee of Temco. D. N. Dawkins, Wright Electric, Inc., and Banner Supply Co., Inc., intervened and filed claims for liens for labor and materials supplied in the construction of the duplex. At final hearing upon the pleadings and evidence, the chancellor rendered a final decree in favor of the lienors, holding their liens were superior to the title of Gray, whereupon Gray appealed. We find error and reverse.
Temco as the owner of the property in July, 19S6, entered into an executory contract with Gray, agreeing to build a duplex and convey, at a stipulated price, Gray paying down $3,000 on the purchase price. The contract was not recorded. After completion of the duplex, Gray took title by deed on December 10, 1956, in consideration thereof paying $3,750 and assuming a mortgage. Thereafter, Temco became bankrupt and the materialmen filed claims of lien. The questions on this appeal involve priorities of rights between Gray and the lienors. No notices of the claims of lien were on file on December 10, 1956, when Gray took title by deed.
Penzi claims a lien for the terrazzo floor which we find was finished on or before November 19, 1956. Penzi filed a notice of claim of lien February 21, 1957, which was more than three months after November 19, 1956, by two days.
Banner supplied plastering material to Mathis who had a contract with Temco to do the plastering. Banner billed Mathis but when it was not paid, he then filed a notice of lien against Temco. Banner’s claim of lien was filed January 8, 1957, claiming the last material to have been supplied October 10, 1956.
Wright Electric furnished electric conduits and other material and Dawkins furnished and installed the plumbing. Both Wright and Dawkins did their last work in November, 1956, and filed notices of lien March 19, 1957, more than three *623 months after the last material and labor was furnished.
Since the Gray-Temco contract for the purchase of the property was not of record, she is estopped to assert it against the lienor who relied on Temco’s title as shown by the public records.
Since Penzi, Wright and Dawkins filed their claims of lien more than three months after furnishing the last material or labor by them and after Gray had completed her purchase of the property and taken title, the decree will be reversed on the authority of §§ 84.14 and 84.16, Fla. Stat., F.S.A., and Fisher Lumber Co. v. Verhine Lumber Co., 147 Fla. 670, 3 So,2d 374.
We find that Banner was not in privity with Temco but supplied material to Mathis, a plasterer who was a contractor with Temco. In view of this finding, and since Banner failed to establish that Mathis had not been paid in full by Temco at the time of the filing and service of its claim of lien, the decree will be reversed as to Banner.
The decree appealed from is reversed with directions to enter a decree consistent herewith in favor of the appellant.
Reversed with directions.
CARROLL, CHAS., C. J., and PEARSON, J., concur.