ALLEN, Chief Judge.
The appellee, as plaintiff in the lower court, brought an action to enforce a mechanic’s lien against the appellant-defendants. The plaintiff, as general contractor, alleged that pursuant to an oral contract he was to build a boys’ summer camp for defendants for a total price of $57,329.84; that $25,000 of this amount had been paid; that $32,329.84 remained unpaid and that a claim for lien in that amount had been filed and remained unpaid; and that the court should order a foreclosure giving plaintiff priority over the second mortgagee. The defendants answered setting up several defenses which in essence alleged plaintiff had failed to completely perform pursuant to the contract and that defendants had been *903 forced to hire other persons to complete the construction. The defendants also counterclaimed for these sums which were expended to complete the camp.
After seven volumes of testimony was adduced, the court entered a final decree of foreclosure in favor of plaintiff from which the defendants have appealed.
The owner, defendant below, was desirous of building a commercial camp in central Florida where children from Miami could spend part of the summer at a contemplated fee of $525 each. The owner contacted the plaintiff and asked for an estimate of the cost to erect the camp. After several letters between the parties, an agreement was reached whereby plaintiff was to erect three bunk houses for boys; three bunk houses for girls; a combined kitchen and dining hall building; a dock; a riding range; horse stables; two tennis courts; a basketball and volley ball court; and a barn. With the exception of the barn, the plaintiff agreed to build the camp for $55,000. The plaintiff was to begin work in February, 1958, and to complete the camp by May, 1958. The plaintiff was to be paid $15,000 at the end of thirty days; $10,000 at the end of the second month; $10,000 at the end of the third month; and the balance when the camp was completed.
Construction began on February 13, 1958, and a $15,000 payment was made on March 11, 1958. On April 21, 1958, the defendants paid to plaintiff $10,000. The plaintiff requested another $10,000 in May but the defendants did not pay it nor have they made any other payment. The plaintiff performed his last work on May 17, 1958, which he testified completed the camp except for minor finishing touches.
The defendants testified that they were forced to expend $3,565.87 to complete the camp; that it would cost $30,000 to complete the camp according to original specifications; and that the actual improvements were worth only $25,000. An architect testified in behalf of defendants that the improvements were defectively constructed.
The defendants contended that since the plaintiff did not furnish a statement .showing the amount due each labor and material claimant pursuant to Sec. 84.04(3), Florida Statutes, F.S.A., the plaintiff should not be permitted to maintain this suit. A total of $18,224.96 in liens had been filed against the property.
The first question presented by appellant and, which we believe is determinative of this appeal, is whether a general contractor who has failed to comply with Section 84.04 (3), Florida Statutes, F.S.A., is entitled to enforce a lien for the entire amount he claims to be due him under his contract with the owner.
The section of the mechanic’s lien law above referred to, Section 84.04(3), provides that:
“When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name, of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services, or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath.” (Emphasis added.)
Under prior decisions of this court and the Supreme Court of Florida, it is well settled that the contractor’s sworn statement to the owner concerning payment of all lienors is a condition precedent to filing suit by the contractor even though the owner has not demanded it. In Moore et ux. v. Crum, Fla.1953, 68 So.2d 379, 382, the general contractor’s complaint had been dismissed but the chancellor had granted the *904 contractor seven days within which to amend so as to show, if possible, service of the required statement under oath on or before the date of filing an amended complaint. The contractor filed his amended complaint alleging generally that the statement under oath had been given to the defendants. It did not show whether it was given before or after the expiration of the time limited by the statute and specified no date when the statement was actually given. The defendants filed a motion for better particulars, a motion to strike, and a motion to dismiss the amended complaint. The chancellor denied all three motions and the defendants filed a petition for certiorari in the Supreme Court.
In reversing, the Supreme Court held that:
“ * * * The material question here is that sufficient allegations were not contained in the amended bill in support of the equity of the bill because of the failure of the amended bill to show specifically that the statement was given within the time provided by statute. If, as a matter of fact, the required statement was given after the institution of the suit but before the expiration of the time fixed by statute for the giving of such statement, such fact should have been set forth in the amended bill and then the owner would have had the right to enforce his lien in equity. If, on the other hand, the statement was given after the institution of the suit and after the expiration of the time fixed by statute for giving such statement, or after the lien had expired, then the owner did not comply with the law and had no lien or any right to enforce any lien.”
The Court, in Barton v. Horwick, Fla.1955, 78 So.2d 569, 570, commented on the failure of a plaintiff to allege that the written statement had been given prior to seeking to enforce its lien by stating:
“We note that the complaint filed by the plaintiff nowhere alleges that the plaintiff gave to the defendant the written statement required by Section 84.04(3), F.S.1951, F.S.A., that all lienors contracting directly with or directly employed by the contractor had been paid in full. Because there was no allegation to that effect, the complaint failed to state a cause of action for foreclosure of a mechanic’s lien under Chapter 84, F.S.1951, F.S.A. Moore v. Crum, Fla.1953, 68 So.2d 379, and cases therein cited. * * * ”
The plaintiff contractor filed an action to foreclose its mechanic’s lien in Pope v. Carter, Fla.App.1958, 102 So.2d 658, 659, against the defendant owners as individuals and as doing business as Mulberry Home Builders. The Bartow Federal Savings and Loan Association, a corporation, filed a motion to intervene and to dismiss the complaint. As a ground for dismissal, the intervenor asserted that the complaint failed to allege plaintiff had complied with Section 84.04(3), Florida Statutes, F.S.A., which requires the sworn statement be furnished the owner in regard to other lienors. The lower court dismissed the complaint and the contractor appealed.
On appeal the plaintiff contended that it was not required to furnish the sworn statement for the reason that the owners were their own contractors and that plaintiff was, therefore, a subcontractor. In rejecting this contention and in affirming the lower court, this court held:
“We are of the opinion that the plaintiff in this case was a contractor with the owners and had the duty of furnishing the statement required under Section 84.04(3) Florida Statutes, F.S.A. The Florida Supreme Court, in Hardee v. Richardson, Fla.1950, 47 So.2d 520, and in Moore v. Crum, Fla.1953, 68 So.2d 379, held that unless the sworn statement is given within one year after the contractor has filed *905 his claim of lien, the contractor’s lien is lost.
“We do not construe the cases cited by the appellant as contrary to the enunciation of law set forth in Hardee v. Richardson, supra, and Moore v. Crum, supra.”
Moore v. Crum, supra, was also cited in Johnson v. West Florida Gas & Fuel Co., Fla.App. 1958, 105 So.2d 373, as authority for reversing a cause wherein the chancellor had denied defendant’s motion to dismiss plaintiff’s complaints which failed to allege that the sworn statement had been filed. In reversing, the court held that plaintiffs should he granted the right to amend their complaints so as to show, if possible so to do, that the statement required by Section 84.04(3), Florida Statutes, F.S.A., was given prior to the expiration of the lien.
The complaint alleges that the claim for unpaid sums is founded upon an oral contract and in count IV the plaintiff specifically avers:
“That Defendants, although requested by Plaintiff, has [sic] failed, refused and neglected to pay to the Plaintiff the aforesaid balance remaining due him under said contract, and Defendants still fail, refuse and neglect to this day to pay said sum.” (Emphasis added.)
Moreover, the chancellor, in his findings, states that although there was no written contract, the contractual understanding is as evidenced by the correspondence between the parties which called for the construction at a total cost not to exceed $55,000. The findings detail the various terms that were agreed upon by the parties and comment upon the evidence as to the quality of the work. The court then observed that:
“A defense maintained by the owners is that since the contractor had not furnished them with a statement showing the name and amount due each person for labor and services performed or materials furnished on said job in accordance with Florida Statute 84.04(3), that this suit should not be maintained. There is no contention by the contractor that this statement, has been furnished, * * (Emphasis added.)
The complaint is clearly founded upon the basis that plaintiff, as general contractor, claimed to be entitled to the unpaid balance due under the contract, which resulted from the correspondence between the parties. This was not a suit for a progress payment or for a partial payment but was for the entire unpaid balance. The defendants filed a motion to dismiss on the grounds that the complaint failed to state a cause of action; that the complaint was defective “since it does not affirmatively show that Plaintiff has complied with Section 84.04(3) of the Florida Statutes”; and that the complaint was defective since the “Plaintiff has not complied with the Mechanic’s Lien Law.”
Having thus properly raised the question of non-compliance by plaintiff with the requirements of Section 84.04(3), Florida Statutes, F.S.A., the complaint should have been dismissed. It has long been established that a complaint in a proceeding to enforce a mechanic’s lien must allege facts showing a strict compliance with the requirements of that law. Buker v. Webster, 140 Fla. 471, 191 So. 835. As stated previously herein, a complaint must allege compliance with the requirement of the statute requiring a contractor to give the owner a sworn statement that all lienors contracting with him have been paid or showing the names of those who have not been paid, and failure to allege that the statement was given within the time allowed renders the complaint fatally defective. Moore v. Crum, supra; 22 Fla.Jur., Mechanic’s Liens, sec. 44.
Not only did the complaint in the instant case fail to allege that the state *906 ment had been given, but it was conceded by the plaintiff that the statement was not given. It was, therefore, error to deny defendants’ motion to dismiss and this case must be reversed for further proceedings not inconsistent with this opinion.
Reversed.
KANNER and SHANNON, JJ., concur.