WARREN, LAMAR, Associate Judge.
The defendant property owners, husband and wife, contracted with the defendant contractor to improve their home by the addition of aluminum siding. The note and mortgage arising therefrom were endorsed and assigned to plaintiff, a corporation engaged in purchasing commercial paper, which filed its amended complaint to foreclose the mortgage, praying that the mortgage be reformed so as to describe the mortgaged property correctly, and for such other relief as should be proper. In their answer, the defendant owners denied all the allegations of the complaint, and by amended counterclaim made various charges against the defendant contractor, and alleged that they were ready, willing and able to do equity and to pay the defendant contractor any sums it might have expended for the reasonable value of materials furnished and delivered and the labor performed on their premises, or to do such other equity as the court might direct; they prayed that the court require the plaintiff to deliver up said mortgage for rescission or cancellation, and that the court do such other equity as it might deem proper.
In reply to the amended counterclaim, the contractor made certain admissions and denials, not necessary to be detailed here.
In its final decree the lower court found that the plaintiff “is a holder in due course *173 of the promissory note executed by the individual defendants, but that the evidence is not sufficiently clear and convincing to require reformation of the mortgage. The individual defendants are entitled to rescission and cancellation of the mortgage of record upon doing equity, which they proffered in their amended counterclaim, stating that they were ready, willing and able to do equity. The evidence established that the obligation arose from work and materials furnished by defendant Modern Construction Corporation to the individual defendants upon their real estate, together with cash advanced, less than one year from the filing of this action. To the extent of such improvements, defendant Modern Construction Corporation accordingly was entitled to a mechanics lien which was assigned to the plaintiff along with the note and mortgage. Inasmuch as the mortgage is unenforceable, plaintiff holds only an unsecured note which does not supersede the mechanics lien. Plaintiff offered to amend instanter so as to conform to the evidence, which the Court allowed.
“Based thereon, and upon the prayer of plaintiff’s complaint for general relief and upon the announcement of the plaintiff and of the corporate defendant in open Court at a final argument of their willingness to accept the proffer of such equity as the Court might direct, and that the Court being otherwise duly advised, * * * ” it was ordered that the prayer for reformation was denied; that the prayer of the defendant owners for rescission and cancellation of the mortgage was granted; that the plaintiff have a judgment for $650; and that the defendant owners pay plaintiff the additional sum of $1,580 (within a specified time), and as security therefor have a “lien” upon the defendant owners’ property. In default of such payment, the court appointed a master to sell the property at public sale to satisfy the indebtedness so secured.
From the final decree the defendant owners appealed, and filed their assignments of error; neither the plaintiff nor the defendant contractor filed cross assignments.
All of defendants’ points on appeal have to do with the finding of the court that the contractor “was entitled to a mechanics lien which was assigned to the plaintiff along with the note and mortgage.” The defendants argued first that the contractor forfeited or waived its right to a mechanic’s lien and hence could not assign such lien to plaintiff, their contention being based upon the language of the endorsement on the note which warranted that all bills for labor and materials had been paid and that no mechanics’ liens had or would be filed against the premises on account of the work being performed. They further argued, among other things, that the contractor failed to comply with the statutory requirements necessary to acquire such a lien, citing Southern Paint Mfg. Co. v. Crump, 132 Fla. 799, 182 So. 291, which holds that a materialman’s lien is strictly statutory, and before any person may have such lien the statutory provisions must be strictly complied with.
Finally, they argued that they could not be estopped, as held by the order of the court on rehearing, to require the statutory sworn statement from the contractor, regardless of their offer to do equity and pay the contractor whatever moneys might be due.
Because it is clear from the record that the contractor herein did not become entitled to a mechanic’s lien, and therefore could not assign one, it is not necessary to discuss any of these arguments.
The plaintiff contends in its brief that the circumstances are such as equitably require the imposition of a lien for the improvements on the defendants’ property, whether it is called a mechanic’s lien [the final decree referring to it as a mechanic’s lien and as a “lien”], a contractor’s lien or an equitable lien. Among the decisions it refers to is Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409, which deals with the doctrine of equitable liens, how *174 ever, we refrain from ruling at this time on plaintiff’s contention.
Since the plaintiff in its complaint to foreclose the mortgage prayed for general relief and the defendant owners offered to do equity, and since the record does not disclose the nature and extent of the amendment instanter which the court allowed plaintiff to make, nor does it clearly appear from the decree or the order on rehearing the type of lien to which the court felt the plaintiff was entitled, this cause is reversed and remanded with directions to the lower court to vacate that portion of the final decree which may indicate the finding of a mechanic’s lien and provides for its enforcement, and to enter such decree as it may he advised, after permitting the plaintiff to file the amendment as allowed by the court and receiving such limited evidence as will be of aid to the court in the disposition of this litigation.
Reversed and remanded.
ALLEN, C. J., and SHANNON, J., concur.