RAWLS, Justice.
Plaintiff (appellee), J. W. Giles, a contractor, sought to enforce a lien as provided by Chapter 84, F.S.1959, F.S.A., against the defendant (appellant), Gertrude M. Townsend, the owner of certain improved real property in Bay County, Florida. Defendant’s answer denied the allegations of plaintiff’s complaint and counterclaimed against plaintiff, alleging shoddy and unworkman-like work on his part, together with negligence in replacement of the roof of defendant’s home, resulting in extensive damage to the interior and contents. Upon stipulation of counsel for the parties, the Chancellor personally examined the alterations and repairs accomplished by plaintiff, and after taking extensive testimony entered a detailed final decree in favor of plaintiff contractor, from which defendant owner has appealed.
In order to properly analyze the questions involved in this appeal, it is essential that the dates of proceedings in the trial Court be set out, viz.:
July 10, 1959, plaintiff in accordance with F.S. Section 84.16, F.S.A., filed his claim of lien in the sum of $3,169.48 against the subject property.
October 15, 1959, plaintiff filed his complaint to foreclose the lien.
October 28, 1959, defendant filed a motion to dismiss on the ground that the complaint failed to state a cause of action, relying on plaintiff’s failure to comply with the requirements of F.S. § 84.04(3), F.S.A.
January 18, 1960, the Chancellor entered an order denying defendant’s motion to dismiss and allowing for further pleading.
February 18, 1960, defendant filed her answer and a counterclaim for damages in the sum of $5,000.
April 28, 1960, the taking of testimony was completed.
April 28, 1960, defendant renewed her motion to dismiss on the same grounds as the original motion.
April 29, 1960, plaintiff mailed to the Chancellor a motion to amend the complaint, the proposed amendment to complaint, and attached thereto sworn statement of plaintiff called for in the statute, and affidavit of mailing same to defendant’s attorney of record.
May 2, 1960, plaintiff mailed a copy of the letter of transmittal, the proposed amendment to complaint, the proposed order, and the affidavit to defendant’s attorney. Proof of service on defendant’s attorney is reflected.
May 16, 1960, an order was entered by Chancellor allowing plaintiff’s amendment to the complaint.
*453 August 12, 1960, final decree was entered granting the lien in the sum of $2,-714.67 (the amount of the original contract, plus admitted extras, less cost of completing the work according to the original contract.) The decree further provided that upon making payment, the defendant shall be “ * * * absolved and protected from any liability for claims for labor or materials in any work done by the plaintiff as shown in the evidence in this cause, and the plaintiff shall save the defendant harmless from any liability therefor.”
Defendant takes the position that F.S. Section 84.04(3), F.S.A.[1] requires, as a condition precedent to filing a complaint seeking to foreclose a labor and materialman’s lien that the contractor furnish the owner the sworn statement called for in said subsection, and that the Chancellor erred in not granting her initial motion to dismiss, and again erred in not granting her motion to dismiss at the close of the taking of testimony. The opinion in Hardee v. Richardson, Fla.1950, 47 So.2d 520, gives defendant some comfort as to her contentions since she seasonably filed her motions to dismiss. However, subsequent decisions in this jurisdiction have laid to rest this question in favor of plaintiff.
The case of Moore v. Crum, Fla.1953, 68 So.2d 379, dealt with this same question. In that cause a complaint was filed to enforce a labor and materialman’s lien, and defendants responded with a motion to dismiss on the same grounds filed by defendant in this case. The Court entered an order dismissing the complaint because plaintiff had failed to allege the giving of a statement under oath provided by law. The order dismissing the complaint granted plaintiff the right to amend showing the service of the sworn statement, and plaintiff filed an amended complaint alleging generally the furnishing of said statement to defendants; «however, the amendment did not allege the date when such statement was given. Defendants took certiorari to the Supreme Court of Florida from the Court’s refusal to dismiss the amended bill of complaint. In an able opinion by Mr. Justice Mathews, the Court reviewed the cases construing this statute in Moore v. Crum, Fla.1953, 68 So.2d 379, and on page 382 stated:
“If, as a matter of fact, the required statement was given after the institution of the suit but before the expiration of the time fixed by statute for the giving of such statement, such fact should have been set forth in the amended bill and then the owner would have had the right to enforce his lien in equity. If, on the other hand, the statement was given after the institution of the suit and after the expiration of the time fixed by statute for giving such statement, or after the lien had expired, then the owner did not comply with the law and had no lien or any right to enforce any lien.”
Therefore, it is apparent that the controlling factor is the giving of the statement prior to the expiration of the lien and prior to the entry of the final decree rather than prior to filing the complaint. The record on the instant appeal reflects that the claim of lien was filed on July 10, 1959, and that the plaintiff executed an affidavit reflecting that the sworn statement called for in F.S. Section 84.04(3), F.S.A., was *454 mailed to defendant on April 29, 1960, which makes out a prima facie case of the furnishing of said statement within the life of the lien.
Defendant cites Pope v. Carter, Fla.App. 1958, 102 So.2d 658, as authority for her contentions. In that case, the primary question concerned the status of the parties, i. e., whether or not the plaintiff was a contractor or subcontractor with the owner, his position being that he was a subcontractor, and that the owner was his own contractor, thereby relieving him of the duty to furnish the sworn statement. The Court in holding that he was a contractor with the owners dismissed the complaint “For failure to furnish the sworn statement within one year after filing his claim of lien.” (Emphasis supplied.) It is apparent the holding in this case again emphasizes the furnishing of the sworn statement within the life of the lien. Plaintiff in the instant case should be afforded the opportunity of proving that the sworn statement was furnished within one year after filing his claim of lien.
Defendant also contends that the trial Court erred in permitting plaintiff to amend his complaint ex parte on the day-succeeding the final hearing. The Chancellor, in his discretion, granted defendant’s motion to amend and such was not abuse of discretion. See Rule 1.15(e) of Florida Rules of Civil Procedure, 30 F.S.A., which provides:
<£(e) The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceedings, must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.”
The record reveals that after taking testimony and after permitting plaintiff to amend his complaint, the trial Court proceeded to enter a final decree without considering any proof of the allegations contained in the amended complaint and without affording defendant an opportunity to contravene such proof. We think this procedure is defective and must be reversed. Renuart Lumber Yards, Inc. v. Finn, 1940, 145 Fla. 256, 198 So. 828. As pointed out by defendant, in her excellent brief, there is some testimony adduced during the trial of the cause that tends to impeach the allegations of the amended complaint. Under our system of jurisprudence, it is basic that the plaintiff must prove his allegations and that defendant shall have the right to controvert such proffered proof.
The remaining point involves the counterclaim set out by defendant. Although, from reading the Chancellor’s final decree, it appears that he considered the merits of the counterclaim, we feel that it would be better practice if he would specifically set out his findings concerning same.
We hold:
1. The sworn statement called for in Section 84.04(3), F.S.1959, F.S.A., may be furnished to the owner during the first year of the lien and after filing the complaint, but prior to the entry of a final decree.
2. The Chancellor did not abuse his discretion in allowing the amended complaint to be filed in this cause ex parte by the plaintiff.
3. The Chancellor is directed to reopen the taking of testimony in this cause for the purpose of receiving evidence pertaining to the matters and things alleged in plaintiff’s amendment to the complaint.
For the above reasons, the final decree is set aside and this cause is remanded for further proceedings in accordance with this opinion.
WIGGINTON, Acting Chief Judge, and STURGIS, J., concur.

. “(3) When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services, or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath.”