134 So.2d 509 (1961)
Paul R. STERN, Trustee, Appellant,
v.
PERMA-STRESS, INC., a Florida corporation, et al., Appellees.
No. C-415.
District Court of Appeal of Florida. First District.
November 16, 1961.
*510 Paul R. Stern, Daytona Beach, appellant, in pro. per.
Walter A. Shelley, Alfred E. Hawkins, Thomas C. Simpson, M.D. Nelson, French C. Davis, Richard D. Bertone, Daytona Beach, for appellees.
STURGIS, Judge.
This is an interlocutory appeal by "Paul R. Stern, Trustee", a party defendant in a suit brought by Perma-Stress, Inc., to foreclose an alleged mechanic's and materialman's lien under Chapter 84, Florida Statutes, F.S.A., from an order denying his motions to dismiss the complaint and for a more definite statement.
The original plaintiff, Perma-Stress, Inc., by the amended complaint herein charges that it contracted with the owner, defendant Masterbilt Contractors, Inc., to furnish materials and labor in the manufacture, haulage and erection of prestressed concrete roof beams used in the construction of a store building on real property owned by said defendant, that it filed the statutory notice of claim, copy of which was attached to and made part of the complaint, and that a specified amount was due and payable thereunder. It alleged that defendant "Paul R. Stern, Trustee", as mortgagee, has or claims to have some interest or lien upon the subject real property pursuant to a described mortgage that was recorded September 30, 1960. As originally framed, the complaint also named as parties defendant, among others, Mac Martin, doing business as L & M Construction Company, not incorporated, Service Paint & Glass Company, Inc., and Carter Electric Company, Inc. The relation of these defendants was subsequently changed to that of joint parties plaintiff. At a later date Air Control Products, Inc., of Daytona Beach, a corporation, was substituted as a party plaintiff in the stead of Carter Electric Company, Inc. Plaintiff prayed for foreclosure of the alleged lien and subordination of the interests, if any, of the defendants.
It appears by the complaint, as finally amended, that "the last item of materials *511 and services" for which plaintiff Perma-Stress, Inc., claims a lien under F.S. Chapter 84, F.S.A., was furnished on or about June 8, 1960; that $5,026.77 is due and payable thereon by Masterbilt Contractors, Inc., to Perma-Stress, Inc., which filed its claim of lien on September 6, 1960, and on or about that date served a copy on the lienee, Masterbilt Contractors, Inc. It is seen that this claim of lien was filed within the statutory period of three months after the alleged date on which the last item of materials and services was furnished. It states (1) the name and address of the lienor; (2) the name of the owner of the real property against whose interest the lien is claimed, and the alleged interest of the owner; (3) the name of the person with whom the contract was made; (4) the material furnished and the agreed price thereof; (5) the unpaid amount due lienor for such material; (6) the time when the last item of material was furnished; and (7) a description of the real property subject to the claim of lien. It is couched in language which would seem to limit the claim as one which only applies to materials furnished. However, the allegations of the complaint, taken as a whole, produce the inescapable conclusion that Perma-Stress, Inc., was in fact a contractor obligated to furnish both materials and services.
Defendant Stern's motion to dismiss challenged the sufficiency of the complaint on grounds substantially as follows: (1) that the pleadings are so disorganized that it is prejudicial to require him to plead thereto; (2) that the complaint does not state a cause of action, and (3) that it does not state a cause of action against "Paul R. Stern, Trustee, but merely against Paul R. Stern, individually." Unfortunately, the plaintiff-appellees have failed to file a reply to appellant's brief herein. This circumstance invites an undue burden on this court and is patently detrimental to the full deliberative process that we, as an appellate tribunal, earnestly strive to attain on every appeal. Where good cause exists for such omission, a showing to that effect is not only appropriate but expected. If good cause exists in this case, we have not been made aware of it, and it is in this condition of semi-darkness that we approach a disposition of the issues.
It is apparent from the record that the pleadings in this cause have been amended and the position of the parties varied to such an extent that the chancellor, in the exercise of his discretion, would have been justified in requiring plaintiffs to redraft the complaint in its entirety and thereby render it more convenient to plead thereto. However, there is nothing so complex about the pleadings as is calculated to cause the defendant-appellant to be prejudiced in answering the complaint. Control of such matters is generally within the sound discretion of the trial court, and it cannot be said that the chancellor has abused his discretion in failing to require plaintiffs to revise the complaint for the sake of clarity. We do not imply, however, that it would be inappropriate, pursuant to the remand of this cause, for the chancellor, in affording plaintiffs a further opportunity to amend the complaint, to impose the condition that it be amended in its entirety.
Paul R. Stern, who was sued as "Paul R. Stern, Trustee", was so designated in the mortgage upon which his apparent interest depends. Mr. Stern, who is a practicing attorney of this court, appears herein in the guise of "Attorney for the Appellant, Paul R. Stern, Trustee." His brief aptly cites Section 689.07(3), Florida Statutes 1959, F.S.A., in support of the argument that he is sued in his individual capacity and not in a representative capacity. The word "Trustee" as used following his name as a party defendant is descriptio personae and he is in fact acting in proper person on this appeal, as he was in the court below in the proceedings leading up to the appeal. Therefore appellant's first point is not well taken.
*512 We repeat that the complaint identifies Perma-Stress, Inc., as a "contractor" rather than a "materialman" within the definition of F.S. § 84.01, F.S.A. In determining whether it is sufficient to state a cause of action, our attention is immediately directed to Section 84.04(3), Florida Statutes 1959, F.S.A., which provides:
"When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services, or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath."
The complaint fails to allege that Perma-Stress, Inc., furnished the defendant owner the sworn statement called for by the statute. It is held, however, that plaintiff should be allowed the right by amendment to show that the required statement was actually given; that if it was in fact given prior to the expiration of the time fixed by statute for furnishing it, such fact should be alleged in the amended complaint, whereupon the lienor would be entitled to enforce the lien; and conversely, if the statement was not given within the time fixed by statute, or after the lien had expired, the lien does not exist and foreclosure cannot be maintained. Moore v. Crum (Fla. 1953), 68 So.2d 379; Pope v. Carter (Fla.App. 1958), 102 So.2d 658; Townsend v. Giles, 133 So.2d 451, opinion filed by this court September 26, 1961. The failure of the complaint to affirmatively allege the giving by plaintiff Perma-Stress, Inc., of the required statutory notice rendered the complaint fatally defective and appellant's motion to dismiss for failure to state a cause of action should have been granted, with leave to amend.
Appellant Stern also challenges the order appealed on the ground that the court erred in denying his motion to dismiss the amended complaint for failure to state a cause of action with respect to the claim of plaintiff Mac Martin d/b/a L & M Construction Company, not incorporated; specifically, that it affirmatively appears that said plaintiff failed to file its claim of lien within three months after the final performance of the labor or services as required by Section 84.16, Florida Statutes 1959, F.S.A. This plaintiff's claim of lien, made a part of the complaint, reflects that the last item of materials furnished or labor performed by this plaintiff was on July 8, 1959, that the claim was not verified until October 4, 1960 (approximately 15 months later), and was filed for record October 5, 1960. Thus it affirmatively appears the claim of lien was not timely filed and it is therefore void upon its face. See Gray v. L.M. Penzi Tile Co. (Fla.App. 1958), 107 So.2d 621; Nathman v. Chrycy (Fla.App. 1958), 107 782. Appellant's motion to dismiss should have been granted as to this plaintiff's alleged cause of action.
Except as hereinabove indicated, other assignments of error are without merit.
The order appealed is reversed to the extent hereinabove indicated and this cause remanded for further proceedings consistent herewith.
CARROLL, DONALD K., C.J., and RAWLS, J., concur.