PER CURIAM.
The appellants were the defendants in- an action in equity instituted by the appellee as. plaintiff. The court dismissed the plaintiff’s, third amended complaint on the ground that this complaint failed to allege a cause of action in equity, and the court transferred' this cause to the law side of the court with . leave to the plaintiff to file an amended complaint at law. The defendants appeal, contending that the court erred in transferring the cause to the law side because the plaintiff cannot have an action at law. We are of the opinion that this contention is premature and affirm.
The alleged cause of action in equity was initially to foreclose a mechanic’s lien claimed by a contractor against an owner. A final decree of foreclosure in favor o.f plaintiff against the defendants was reversed by this court in Mermell v. McKinley, Fla.App.1961, 126 So.2d 902. Subsequently, the plaintiff amended, endeavoring to allege an equitable lien. The basis of the lien was the same construction of improvements on real property. The defendants cite section 84.04(3), Florida Statutes, F. S.A., as authority for their contention that the plaintiff contractor cannot have a cause of action at law against the defendant own *143 er. We determine that we should not now answer this question, but to the contrary, this question should be determined by the trial court on the issues made by the parties ■on the law side. We cannot anticipate what cause of action, if any, the plaintiff will allege at law pursuant to the court’s order transferring the cause to the law side with leave to file an amended complaint.
SMITH, C. J., and ALLEN and SHANNON, JJ., concur.