PER CURIAM.
Upon examination of the briefs and record and after a review and consideration of the applicable law we are of the opinion that no reversible error has been demonstrated. In particular, several of the points raised in this interlocutory appeal were previously considered and found to be without merit. See Broward County v. Alsdorf, Fourth District Court of Appeal Case, 306 So.2d 534, opinion filed December 13, 1974. We would observe, however, that with respect to amendments to a complaint, although the better practice is to recast the pleading in its entirety designating the pleading as amended, i. e., “first amended complaint” or “second amended complaint”, it cannot be said that the trial court abused its discretion by permitting the plaintiff-appellee to file a pleading merely showing the specific nature of the amendment. Stern v. Perma-Stress, Inc., Fla.App.1961, 134 So.2d 509; see also Fla. Civil Practice Before Trial, sec. 27 (2d ed.) published by The Florida Bar. Inasmuch as the likelihood is great that this litigation will ultimately find its way back to the appellate system it would be beneficial if a new amended pleading is filed replacing the original complaint, as indicated in Stern, supra.
Affirmed.
OWEN, C. J., and CROSS and MAGER, JJ., concur.