In re GARLAND CORPORATION, Debtor.

LUI-M CORPORATION, Plaintiff,

v.

GARLAND CORPORATION, Sydney Parlow, Trustee of Garland Corporation, New England Merchants National Bank, Prudential Insurance Company of America, Defendants.

Bankruptcy No. 80–645–HL.
Adv. No. 80–312.

United States Bankruptcy Court, D. Massachusetts.

Aug. 29, 1980.

See also Bkrtcy., 6 B.R. 456.

Frank H. Shapiro, Henry J. Boroff, Friedman & Atherton, Boston, Mass., for plaintiff.

Stuart M. Cable, Goodwin, Procter & Hoar, Boston, Mass., for defendants Prudential Ins. & N. E. Merchants.

Sydney Parlow, Boston, Mass., trustee.

Robert Robinson, Guy B. Moss, Widett, Slater & Goldman, Boston, Mass., for trustee.

Charles Normandin, Ropes & Gray, Boston, Mass., for debtor.

## MEMORANDUM AND RULING ON MOTION TO DISMISS

HAROLD LAVIEN, Bankruptcy Judge.

Lui–M, a Florida corporation that subcontracts the manufacture of clothing out of yarn furnished by the Chapter 11 debtor, brought a complaint to establish a lien covering $354,682.91 due it. The Chapter 11 debtor (hereafter called Garland) conceded the lien in the amount of $160,312.42 covering work performed on the goods in the possession of Lui–M on April 29, 1980, the date of the filing of the Chapter 11. In accordance with a stipulation the goods were released on payment of $160,312.42. Garland created an escrow fund to cover the balance of the claim and agreed that Lui–M would lose no rights as a result of its release of the goods then in its possession but denied the existence of any further lien and has filed a Motion to Dismiss the Complaint. The parties have submitted briefs, reply briefs and argument.

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) requires that all of the facts well pleaded in Lui–M's complaint be taken as admitted. *Robinson v. Stanley Home Products Co.*, 272 F.2d 601 (1st Cir. 1959); 2a Moore's *Federal Practice* 12.08 (1975).

The facts as alleged and accepted as true for the purposes of this motion divide the amount due. First, $81,932 due for work performed on Garland's goods and shipped back to Garland voluntarily on credit pre filing and, second, $112,437.82 for work, also pre filing, but which Lui–M refused to release without payment and on which Lui–M had admittedly a valid lien at least as long as it retained possession under Section 713.-58 of the Florida Code but was induced to surrender possession by a fraudulent promise of payment and the use on April 18, 1980 of a check when Garland knew it had no funds and was about to file a Chapter 11.

Lui–M claims both a statutory lien under Section 713.58 in Count 1 for both amounts and in Counts 2, 3 and 4 an equitable lien based on the debtor's fraud.

■ Lui–M seeks first to suggest that Mass.G.L. ch. 255 §§ 31A and 31B dealing with spinners' liens has some bearing on this problem. Clearly, if Lui–M has a statutory lien it must be based on Florida law.

■ The pertinent Florida statutes are Section 713.58 entitled Liens for Labor or Services on Personal Property as most recently amended in 1970 by sec. 1, ch. 70–340.

(1) In favor of persons performing labor or services for any other person, upon the personal property of the latter *upon which the labor or services is performed,* or which is used in the business, occupation, or employment in which the labor or services is performed. (emphasis added)

(2) It is unlawful for any person, knowingly, willfully, and with intent to defraud, to remove any property upon which a lien has accrued under this section without first making full payment to the person performing labor or services of all sums due and payable for such labor or services or without first having the written consent of such person so performing the labor or services so to remove such property.

(3) In that the possessory right and lien of the person performing labor or services under this section is released, relinquished, and lost by the removal of such property upon which a lien has accrued, it shall be deemed prima facie evidence of intent to defraud if, upon the removal of such property, the person removing such property utters, delivers, or gives any check, draft, or written order for the payment of money in payment of the indebtedness secured by the lien and then stops payment on such check, draft, or written order.

(4) Any person violating the provisions of this section shall be deemed guilty of a misdemeanor and upon conviction shall be punished by fine of not more than $500 or imprisonment in the county jail for not more than 3 months.

and by Section 713.74 as most recently amended in 1969 by sec. 4, ch. 69–97.

*Acquisition of liens by persons in privity with the owner.* As against the owner of personal property upon which a lien is claimed under this part II, the lien shall be acquired by any person in privity with the owner by the performance of the labor or the furnishing of the materials. There shall be no lien upon personal property as against purchasers and creditors without notice unless the person claiming the lien is in possession of the property upon which the lien is claimed. The lien shall continue as long as the possession continues, not to exceed 3 months after performance of the labor or furnishing the material.

Statutory liens have had a checkered career under the Bankruptcy Act. See Bankruptcy Act §§ 67(b) and 67(c) and now 11 U.S.C. 545 and the history and comments thereunder as Congress zealously tries to limit any use of statutory liens to encroach on the priorities of bankruptcy. Even Florida state courts recognize the need for strict construction and compliance. *Southern Paint Mfg. Co. v. Crump,* 132 Fla. 799, 182 So. 291 (1938); *Buker v. Webster,* 140 Fla. 471, 191 So. 835 (1939).

Possession is the *sine qua non* of this lien. The lien is intended to be limited and is expressly made limited to work or labor performed on the property being held. Lui–M tries to make much of the clause in § 713.58(1) "or which is used in the business, occupation or employment in which the labor or services is performed" but this phrase is intended to cover employees or others who cannot identify the specific goods on which they worked and in any event is not applicable to "purchasers and creditors without notice" as is made clear, as even counsel for Lui–M concedes in his brief, by § 713.74 (pp. 8 & 9). Lui–M's counsel cites several cases all prior to the 1969 and 1970 amendments which added emphasis to the possession requirement.

It may be as counsel for Lui–M argues, that as between the parties possession may not be essential but it is essential for a statutory lien dealing with "creditors without notice" or a "purchaser without notice."

When dealing with a trustee or a debtor in possession under a Chapter 11, that is exactly its status. *Selby v. Ford Motor Co.*, 590 F.2d 642 (6th Cir. 1979).

A trustee may avoid any statutory lien to the extent that such lien

"(2) is not perfected or enforceable on the date of filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists; ..."

11 U.S.C. 545(2)

By definition a bona fide purchaser is without notice. A

"... debtor in possession shall have all the rights ... and powers and shall perform all the functions and duties ... of a trustee serving in a case under the chapter."

11 U.S.C. 1107(a). As a matter of fact, in this case there is a trustee.

"The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee of any creditor, the rights and powers of ..."

11 U.S.C. 544(a).

Should there still be any question that the trustee is considered as a matter of law to be a creditor without notice against whom possession is essential, the Fifth Circuit dealing with another subsection of this Florida statute would seem to have laid this issue to rest. *Aviation Investments, Inc. v. Cameron*, 350 F.2d 950 (5th Cir. 1965); Collier's *Bankruptcy Manual* 2d ed. 994 § 70.

The motion to dismiss for failure to state a cause of action is allowed insofar as the complaint is based on a statutory lien which would encompass Count I and so much of the remaining counts as deals with the $81,-932 of pre filing debt not tainted by the alleged fraud.

The remaining three counts deal with the question of the debtor being allowed to benefit by its own dishonesty, a fact which

is denied in a footnote but of course admitted for the purpose of the motion.

■ As to that portion of the complaint having an amount of $112,437.82 and involving the fraudulent use of check returned for insufficient funds and the assertion of an equitable lien, motion is denied without prejudice to its renewal after a trial on the merits.[1]

"There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction."

*Bank of Marin v. England, Trustee*, 385 U.S. 99 at 103, 87 S.Ct. 274 at 277, 17 L.Ed.2d 197 (1966).

■ The court has the power to sift the circumstances surrounding any claim to see that injustice and unfairness is not done in the administration of the bankrupt estate. "Substantial right and justice rather than technical form control." *ITT–Industrial Credit Co. v. John R. Hughes*, 594 F.2d 384 (4th Cir. 1979).

■ The court is not a computer and has a duty to see that bankruptcy remains a shield for those in need as Congress and the constitution see that need, and not a sword to cut a fraudulent swath of economic disaster. *Jackson v. Star Sprinkler Corporation et al.*, 4 Bankr.Ct.Dec. 251 (8th Cir. 1977), 575 F.2d 1223.

There is authority for granting an equitable lien when legal rights are lost as a result of fraud.

"Imposition of any equitable lien upon specified property is particularly appropriate where the creditor has lost security in that property in reliance upon the false representations of one who later claims a superior interest in the property."

*Architectonics, Inc. v. Salem–American Ventures, Inc.*, 350 So.2d 581, 584 (Fla.1977).

"The lessor after releasing its attachment had a valid lien on the property based upon the plaintiff's agreement to pay cash upon delivery of the balance of the property to the plaintiff."

---

1. Counsel for Lui–M conceded during argument that the alleged fraudulent conduct that might invoke an equitable lien did not involve the

$81,932 as to which pre filing possession was voluntarily released on Garland's general credit.

*Sheehan & Egan, Inc. v. American Railway Express Co.*, 274 Mass. 331, 334, 174 N.E. 685 (1931).

Certainly in equity the thief should not be allowed to hide behind the victim's resulting lack of possession.

Motion to Dismiss as to Count I and the statutory lien allowed but denied without prejudice as to so much of Counts II, III and IV that raise the possibility of an equitable lien on the $112,437.82. The defendant has 10 days to answer. Trial will be held on October 1, 1980 at 2:00 P.M.