CORTINAS, J.
Commercial Jet filed this action to foreclose a purported mechanic’s lien on a Boeing 767 aircraft for which it had provided maintenance and repairs. Despite an outstanding balance, Commercial Jet returned the aircraft to Silver Jet, its operator, which put it back into service. After it relinquished possession of the aircraft, Commercial Jet recorded a claim of lien under sections 713.58 and 329.51, Florida Statutes, for the unpaid balance *888 against Silver Jet and U.S. Bank, the aircraft’s owner. Since the purported lien is a possessory lien under section 713.58, and Commercial Jet was no longer in possession of the aircraft at the time it filed the lien, the trial court granted U.S. Bank’s motion for summary judgment. We affirm the trial court’s order and reject Commercial Jet’s argument that section 329.51 modifies section 713.58 by eliminating the requirement that one must have possession of the property in order to claim a lien.
Section 713.58 creates a lien “[i]n favor of persons performing labor or services for any other person, upon the personal property of the latter upon which the labor or services is performed....” § 713.58(1), Fla. Stat. (2009). This lien exists only as long as the person entitled to the lien retains possession of the property upon which the lien is claimed: the statute expressly provides that “the pos-sessory right and lien of the person performing labor or services under this section is released, relinquished, and lost by the removal of such property.... ” § 713.58(3), Fla. Stat. (2009). Therefore, there is no question that the lien right afforded by section 713.58 is possessory in nature and that a repairman’s right to claim a lien under section 713.58 is extinguished when he relinquishes possession of the property on which the lien is asserted. See State v. Miller, 373 So.2d 677, 680 (Fla.1979) (explaining that a section 713.58 “lien entitles the lienholder to possession of a customer’s property for three months,” which “is a form of leverage looking solely toward full payment”); E. Airlines Empls. Fed. Credit Union v. Lauderdale Yacht Basin, Inc., 334 So.2d 175, 177 (Fla. 4th DCA 1976) (finding that “a mechanic’s possessory lien against personal property (under a provision such as Fla. Stat. s. 713.58) ... continued as long as [the lienor] continued in possession thereof’); see also In re Tradewinds Airlines, Inc., 394 B.R. 614, 622 (Bankr.S.D.Fla.2008) (citing In re Garland Corp., 6 B.R. 452, 454 (Bankr.Mass.1980) (“Possession is the sine qua non of this lien.”)); Archive Am., Inc. v. Variety Children’s Hosp., 873 So.2d 359, 362 (Fla. 3d DCA 2004) (referencing “a possessory lien established by section 713.58”).
Commercial Jet agrees that section 713.58 “has been interpreted to” require possession but argues that section 329.51 amended section 713.58 by providing that a valid lien can be created simply by recording a claim of lien within ninety days. However, section 329.51 does not create any new lien rights. Instead, it is manifestly a notice statute, as is apparent by its title (“Liens for labor, services, fuel, or material expended upon aircraft; notice”), and it specifically states that it applies to “[a]ny lien claimed on an aircraft under s. 329.41 or s. 713.58 ....” § 329.51, Fla. Stat. (2009) (emphasis added). Section 329.41 creates a lien right for fuel furnished to aircraft; section 713.58 creates a lien right for labor or services performed on aircraft and other personal property. Section 329.51 details how, once a fuel or service provider acquires a lien on an aircraft pursuant to section 329.41 or 713.58, he may perfect his lien and establish priority of enforcement as it relates to third parties. Thus, section 329.51 has no application here because Commercial Jet never acquired a valid lien under sections 713.58 or 329.41.
As Commercial Jet did not have possession of the aircraft when it attempted to claim a possessory lien under section 713.58, it cannot proceed in its attempt to foreclose on the purported lien. Therefore, we affirm the trial court’s grant of summary judgment in favor of U.S. Bank.
Affirmed.
ROTHENBERG, J., concurs.